CLARK'S GREENVILLE, INC., A CORPORATION, v. S. EUGENE WEST, MAYOR OF THE CITY OF GREENVILLE, NORTH CAROLINA, AND J. E. CLEMENTS, RALPH BRIMLEY, JOHN HOWARD AND PERCY COX, MEMBERS OF THE CITY COUNCIL FOR THE CITY OF GREENVILLE, NORTH CAROLINA, AND H. F. LAWSON, CHIEF OF POLICE OF THE CITY OF GREENVILLE, NORTH CAROLINA.

(Filed 23 November, 1966.)

**1. Constitutional Law § 10—**

The courts have the power and duty to determine whether a legislative body has exceeded its delegated or constitutional authority, but if the legislative act in question is within the constitutional powers of the legislative body, the courts cannot inquire into the motives, wisdom, or expediency which prompted its enactment, and must declare the law as written.

**2. Same;    Municipal Corporations §§ 27, 34—**

Plaintiff sought to restrain the enforcement of defendant municipality's ordinance regulating the sale of merchandise on Sunday. Plaintiff conceded that the municipality had the power to enact the ordinance, G.S. 160-52, G.S. 160-200(6), (7), (10), but contended that the municipal council enacted the ordinance pursuant to a conspiracy with other merchants to destroy plaintiff's competitive advantage over those merchants who did not wish to remain open on Sunday. *Held:* Demurrer was properly sustained, since the courts will not inquire into the motives which prompt a municipality's legislative body to enact an ordinance which is valid on its face.

APPEAL by plaintiff from *Bundy, J.,* at Chambers in Greenville on June 27, 1966. From PITT.

Plaintiff, a corporation operating a general retail store in the city of Greenville, instituted this action against the mayor, other

members of the City Council, and the chief of police of the City of Greenville to test the validity of the ordinance entitled "An Ordinance amending Chapter 23, Section 13-56 of the Code of the City of Greenville, to provide for the due observance of Sunday" (Sunday ordinance). The action was begun by the issuance of summons on March 21, 1966. At the same time, plaintiff secured an order extending the time for filing complaint until the 11th day of April, 1966. On March 24, 1966, plaintiff applied to the Honorable Joseph W. Parker, Judge holding the courts of the Third Judicial District, for a temporary injunction restraining defendants from enforcing the Sunday ordinance pending the final disposition of this cause. Judge Parker, after "having examined the record herein and having examined the affidavit of James Quinn," manager of plaintiff's Greenville store, enjoined defendants from enforcing the Sunday ordinance and from interfering in any manner with the operation of plaintiff's business on Sunday pending the further orders of the court. Defendants were directed to show cause on April 13, 1966, at the courthouse in Pamlico County why the injunction should not be continued until the final disposition of this case. Thereafter, plaintiff's time for filing complaint was extended and the April 13th hearing was continued by consent to be heard before Judge Parker at a time and place within the Third Judicial District to be fixed by mutual consent or upon ten days' notice given by one party to the other.

The complaint was filed on April 25, 1966. In brief summary, it contains the following allegations:

After having made a study of the retail market in and near Greenville, on August 14, 1965, plaintiff opened a retail department store outside the city limits of Greenville. At that time, the city had no plans to annex the area within which plaintiff's store was located, and there were no State laws or Pitt County ordinances prohibiting the operation of a general retail store on Sunday. Plaintiff expected that a large percentage of its total sales would be made on Sunday. On August 15, 1965, plaintiff began keeping its store open from 1:00 p.m. until 6:00 p.m. on Sunday. At its next regular meeting on September 2, 1965, the City Council began proceedings to annex and to incorporate within the city limits, *inter alia*, the area in which plaintiff's store is located. This annexation was completed on November 18, 1965. At that time, business activities in Greenville on Sunday were in fact unrestricted although, since 1949, certain sales and activities had been regulated and shops and stores were prohibited from making "any sale on Sunday except in cases of necessity." On March 10, 1966, the City Council, in order to destroy plaintiff's competitive advantage over those merchants who do not

wish to remain open on Sunday, agreed with them and with the Greenville Chamber of Commerce and Merchants' Association to enact an ordinance which would prohibit plaintiff's business activities on Sunday. In furtherance of that conspiracy and in order to accomplish its purpose, the City Council enacted the controverted Sunday ordinance, which is "patterned after the Sunday closing ordinance of Winston-Salem." The ordinance in controversy is attached to the complaint as Exhibit A. It prohibits merchandising in Greenville on Sunday and requires all places wherein merchandise is kept for sale to remain closed from Saturday midnight until Sunday midnight. It then exempts certain types of stores, stands, and businesses from the closing requirement, but, notwithstanding these exemptions, sales of specified items are absolutely forbidden. Some of the businesses exempted from closing requirements sell on Sunday some of the same articles which plaintiff sells, but the ordinance requires all general retail and wholesale merchandising stores to remain closed on Sunday.

The ordinance's preamble recites that, in response to "a clear and present need," the City Council was acting under G.S. 160-52 and G.S. 160-200(6), (7), and (10) to restrict business activity on Sunday in Greenville in order to provide the citizens with a day of rest and to promote the public health, safety, morals, and general welfare.

Within the time allowed, defendants demurred to the complaint upon the ground that it did not state a cause of action for that it appeared from the face of the complaint that the Sunday ordinance "is a valid exercise of the police power and not violative of any section of the Constitution of the State of North Carolina or the Constitution of the United States." Pursuant to notice, the demurrer came on to be heard before Bundy, J., Resident Judge of the Third Judicial District, at Chambers in Greenville. At the same time, also pursuant to notice, defendants moved to dissolve the temporary restraining order which Judge Parker had issued. On June 27, 1966, Judge Bundy entered two orders: one dissolved the injunction; the other sustained the demurrer and dismissed the action. From these judgments plaintiff appealed.

*Thomas J. White and John R. Hooten for plaintiff.*
*David E. Reid, Jr.; James, Speight, Watson & Brewer; Gaylord & Singleton for defendants.*

SHARP, J. The Greenville Sunday ordinance in question is, in all material aspects, a verbatim copy of the Winston-Salem Sunday ordinance which withstood attack upon its constitutionality in

*Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370. (In that opinion, the provisions of the Winston-Salem ordinance are quoted and summarized at pages 711-713, 140 S.E. 2d 371-372.) Plaintiff concedes that a municipality has the power to enact Sunday observance laws and that the Greenville ordinance is substantially similar to the Winston-Salem ordinance, which this Court has held to be valid. It contends, however that the motives which prompted Greenville's City Council to enact its Sunday ordinance invalidate it; that the Council's purpose was a private one, to prevent plaintiff from keeping its store open on Sunday and thus benefit those merchants who wished to remain closed on that day; and that the ordinance's preamble was a calculated misrepresentation.

The question presented, therefore, is whether the court may inquire into the motives which prompted a municipal legislative body to enact an ordinance valid on its face. The answer is No.

> "(T)he courts are not at liberty to question the motives of a coordinate branch of the government. Indeed, unless the law itself declares the intent with which it was passed, it is the duty of the courts to enforce it as they find it enacted, assuming that of several conceivable motives the lawful one only operated to cause its enactment." *State v. Womble,* 112 N.C. 862, 867, 17 S.E. 491, 492.

*Accord, Lowery v. School Trustees,* 140 N.C. 33, 52 S.E. 267; *Kornegay v. Goldsboro,* 180 N.C. 441, 105 S.E. 187. The rule is well stated in 16 Am. Jur. 2d, Constitutional Law § 169 (1964):

> "One of the doctrines definitely established in the law is that if a statute appears on its face to be constitutional and valid, the court cannot inquire into the motives of the legislature. Thus, the motives which impel the legislature or any component part or member of it to enact a law cannot be made a subject of judicial inquiry for the purpose of invalidating or preventing the full operation of the law, even though fraud, bribery, and corruption are alleged; the courts cannot declare a statute void in consequence of alleged improper motives which influenced certain members of the legislature that passed the law. Questions as to legislative motivations are for the electorate to consider, not the courts." *Id.* at 384-5.

*Accord,* 16 C.J.S., Constitutional Law § 154, p. 809 (1956); 62 C.J.S., Municipal Corporations §§ 200, 201 (1949); Annot., Validity of municipal ordinances affected by motives of members of council which adopted it, 32 A.L.R. 1517 (1924); 53 A.L.R. 942 (1928). A valid ordinance, albeit inspired by bad motives, may prove bene-

ficial, while a bad and invalid one is sometimes passed with the best of intentions. "Hence it is well settled that evidence *aliunde* is inadmissible to assail the motive which induced the enactment of an ordinance for the purpose of determining its validity." 37 Am. Jur., Municipal Corporation § 182, p. 820 (1941).

When the validity of a municipal ordinance is assailed, the only question for the courts is whether the legislative body had the power to enact the ordinance. *State v. Revis,* 193 N.C. 192, 136 S.E. 346. It is often said that matters of local concern are and should be left largely to the judgment and discretion of a town government and that the courts will not interfere with their acts "unless they are manifestly unreasonable and oppressive." *State v. Stowe,* 190 N.C. 79, 81, 128 S.E. 481, 482; *Rosenthal v. Goldsboro,* 149 N.C. 128, 62 S.E. 905; *Brodnax v. Groom,* 64 N.C. 244. This is merely another way of saying that no legislative body can exceed its delegated or constitutional authority. As long as it does not exceed its powers, the courts are not concerned with the motives, wisdom, or expediency which prompt its actions. These are not questions for the court but for the legislative branch of the government. *State v. Warren,* 252 N.C. 690, 114 S.E. 2d 660; *Ferguson v. Riddle,* 233 N.C. 54, 62 S.E. 2d 525; *State v. Harris,* 216 N.C. 746, 6 S.E. 2d 854. "If that body is wrong, it will be influenced by their *(sic)* constituents to repeal or modify the ordinance." *State v. Rice,* 158 N.C. 635, 639, 74 S.E. 582, 583. As Pearson, C.J., said in *Brodnax v. Groom, supra* at 250:

> "For the exercise of powers conferred by the Constitution, the people must rely on the honesty of the members of the General Assembly and of the persons elected to fill places of trust in the several counties.
>
> "This Court has no power, and is not capable if it had the power, of controlling the exercise of power conferred by the Constitution upon the legislative department of the government or upon the county authorities."

In enacting its Sunday ordinance, the City Council of Greenville acted within its authority; its act, therefore, is free from judicial interference. *State v. Revis, supra.* Any other rule would permit any displeased or disgruntled citizen to question the validity of any legislative enactment merely by alleging bad faith and conspiracy on the part of the body which passed it. Orderly government could not survive such license.

Plaintiff's contention that Judge Bundy, the resident judge of the district, had no jurisdiction to dissolve the injunction is without

merit. Having sustained the demurrer and dismissed the action, it followed that the injunction should have been dissolved.

Affirmed.