WHITNEY STORES, INC., T/A TREASURE CITY AND GAYLORD OF FAYETTEVILLE, INC., T/A GAYLORDS, ON BEHALF OF THEMSELVES AND SUCH OTHER PERSONS, FIRMS AND CORPORATIONS AS ARE SIMILARLY AFFECTED BY "AN ORDINANCE CONCERNING THE OBSERVANCE OF SUNDAY AS A UNIFORM DAY OF REST IN CUMBERLAND COUNTY," V. W. G. CLARK, SHERIFF OF CUMBERLAND COUNTY, H. E. RAY, CHAIRMAN, AND J. MCN. GILLIS, M. M. BEARD, LUTHER PACKER AND E. J. EDGE, JR., COMMISSIONERS, BOARD OF COUNTY COMMISSIONERS FOR CUMBERLAND COUNTY, NORTH CAROLINA

No. 13

(Filed 18 November 1970)

1. **Constitutional Law § 11— exercise of the police power**

    The General Assembly, exercising the police power of the State, may legislate for the protection of the public health, safety, morals and general welfare of the people.

2. **Constitutional Law § 14; Sundays and Holidays— validity of Sunday observance laws**

    Sunday observance statutes and municipal ordinances derive their validity from the power of the General Assembly to legislate for the protection of the public health, safety, morals and general welfare of the people.

3. **Constitutional Law § 7; Counties § 2— delegation of police power to the counties**

    Subject to constitutional limitations, the power of the General Assembly to delegate to county commissioners the authority to adopt ordinances in the lawful exercise of the police power is well established.

4. **Counties § 2— power of county commissioners to adopt Sunday observance ordinances**

    A statute that confers upon each board of county commissioners in the State the power to adopt ordinances "in the exercise of the general police power" *is held* sufficient to confer upon the commissioners the authority to enact Sunday observance ordinances, notwithstanding the statute, as rewritten in 1969, omitted the follow-

Whitney Stores v. Clark

ing words of the original statute: "including but not limited to the regulations and prohibitions of the sale of goods, wares and merchandise on Sunday." G.S. 153-9(55).

5. Counties § 2; Statutes § 2; Sundays and Holidays— powers of counties — exercise of police power — Sunday observance ordinance — local legislation

A 1969 Home Rule statute that enables the county commissioners of every county in the State to enact ordinances in the exercise of the general police power, including Sunday observance ordinances, is a general law and does not violate the constitutional prohibition against local legislation regulating trade. N. C. Constitution, Art. II, § 29; G.S. 153-9(55).

6. Counties § 2— Sunday observance ordinance — motives of county commissioners — consideration on appeal

Where the statutes upon which a county Sunday ordinance is based are found to be constitutional and valid, and where the county commissioners do not exceed their delegated or constitutional authority in enacting the ordinance, the Supreme Court will not concern itself with a broadside attack that challenges the motives and wisdom of the commissioners who enacted the ordinance.

APPEAL by plaintiffs from *McKinnon, J.,* March 2, 1970 Session of CUMBERLAND Superior Court, certified, pursuant to G.S. 7A-31(a), for review by the Supreme Court before determination in the Court of Appeals.

This action was instituted on January 29, 1970, as a class action, to enjoin the enforcement of an ordinance adopted January 5, 1970, by the Board of Commissioners of Cumberland County entitled, "AN ORDINANCE CONCERNING THE OBSERVANCE OF SUNDAY AS A UNIFORM DAY OF REST IN CUMBERLAND COUNTY," referred to hereafter as the Ordinance. The preamble recites that the Ordinance was adopted pursuant to the power conferred by G.S. 153-9(55), which is a codification of Chapter 36, Session Laws of 1969, entitled, "AN ACT GRANTING ORDINANCE-MAKING AUTHORITY TO COUNTIES."

The Ordinance, which was to become effective on February 1, 1970, in part provides: "It shall be unlawful for any person to sell, offer or expose for sale, any goods, wares or merchandise in the County of Cumberland on Sunday, nor shall any store, shop, warehouse or any other place of business in which goods, wares, or merchandise are kept for sale, be kept open between 12:00 o'clock midnight Saturday and 12:00 o'clock midnight Sunday, unless such store, shop, warehouse or other place of business is expressly allowed to open and sell goods under the provisions of this article; . . ." It is not applica-

ble "within the corporate limits or jurisdiction of any municipality in the County of Cumberland that has conducted the most recent election required by its charter or the general law, whichever is applicable, unless the governing body thereof shall, by resolution, agree to such ordinance."

Plaintiffs operate "self-service retail merchandising discount department stores" in Cumberland County outside of the corporate limits and jurisdiction of any municipality. On Sunday, from 1:00 to 6:00 p.m., they engage in the business of selling goods, wares and merchandise.

Enforcement of the Ordinance was restrained temporarily by orders entered January 29, 1970, and February 13, 1970.

The cause was heard at the March 2, 1970 Session on defendants' motion to dismiss for failure to state a claim upon which relief could be granted, and for summary judgment. After consideration of the pleadings, the stipulations, and affidavits offered by plaintiffs, Judge McKinnon entered an order in which he adjudged the Ordinance "to be constitutional and in all respects valid" and dissolved "the Preliminary Injunction." Plaintiffs excepted and appealed.

By supplemental order, Judge McKinnon, in the exercise of the discretion vested in him by G.S. 1-500 and Rule 62(c) of the Rules of Civil Procedure, enjoined enforcement of the Ordinance "pending a final determination of this cause."

On appeal, plaintiffs assign as error the signing of the judgment and the court's failure to enjoin permanently the enforcement of the Ordinance.

*Ervin, Horack & McCartha, by C. Eugene McCartha, for plaintiff appellants.*

*Clark, Clark & Shaw, by Heman R. Clark; and McCoy, Weaver, Wiggins, Cleveland & Raper, by L. Stacy Weaver, Jr., for defendant appellees.*

BOBBITT, Chief Justice.

Affidavits offered by plaintiffs and received in evidence without objection contain factual statements to the effect the enforcement of the Ordinance will subject plaintiffs to irreparable injury and financial loss. In recognition of well-established legal principles, *Kresge Co. v. Tomlinson*, 275 N.C. 1, 8, 165 S.E. 2d 236, 240, and cases cited, defendants do not contest

plaintiffs' standing and right to challenge the constitutionality of the Ordinance.

The question for decision is whether the Ordinance is unconstitutional on the grounds on which plaintiffs attack it. *Kresge Co. v. Tomlinson, supra* at 9, 165 S.E. 2d at 241, and cases cited.

[1, 2]  The General Assembly, exercising the police power of the State, may legislate for the protection of the public health, safety, morals and general welfare of the people. Sunday observance statutes and municipal ordinances derive their validity from this sphere of legislative power. *State v. McGee*, 237 N.C. 633, 75 S.E. 2d 783, and cases cited. Sunday observance ordinances adopted in the exercise of the police power conferred by the General Assembly upon cities and towns by G.S. 160-52 and G.S. 160-200(6), (7) and (10), have been upheld by this Court. *Mobile Home Sales v. Tomlinson*, 276 N.C. 661, 174 S.E. 2d 542, and cases cited. The Ordinance under consideration can be upheld only if adopted in the exercise of the police power conferred by the General Assembly by the 1969 Act codified as G.S. 153-9(55).

[3]  Subject to constitutional limitations, the power of the General Assembly to delegate to county commissioners the authority to adopt ordinances in the lawful exercise of the police power is well established. *Jackson v. Board of Adjustment*, 275 N.C. 155, 162-163, 166 S.E. 2d 78, 83, and cases cited.

[4]  Predicated on the proposition that county commissioners have no inherent legislative powers, *Surplus Co. v. Pleasants, Sheriff*, 264 N.C. 650, 654, 142 S.E. 2d 697, 701, plaintiffs, as their first ground of attack, assert that the provisions of the 1969 Act do not confer on county commissioners authority to enact Sunday observance ordinances.

Prior to the 1969 Act, G.S. 153-9(55) was the codification of Chapter 1060, Session Laws of 1963, entitled "AN ACT TO AMEND G.S. 153-9, SO AS TO GIVE BOARDS OF COUNTY COMMISSIONERS CERTAIN REGULATORY POWERS" The new paragraph added to G.S. 153-9 by the 1963 Act provided: "55. Regulate and Prohibit Certain Activities.—In that portion of the county, or any township of the county, lying outside the limits of any incorporated city or town, or lying outside the jurisdiction of any incorporated city or town, to prevent and abate nuisances, whether on public or private property; to supervise, regulate,

or suppress or prohibit in the interest of public morals, public recreations, amusements, and entertainments; and to define, prohibit, abate, or suppress all things detrimental to the health, morals, comfort, safety, convenience and welfare of the people *including but not limited to the regulations and prohibition of the sale of goods, wares and merchandise on Sunday;* and to make and enforce any other types of local police, sanitary, and other regulations; provided, that the board of county commissioners may make such regulations applicable within the limits of any incorporated city or town, or within the jurisdiction of any incorporated city or town, whose governing body, by resolution, agrees to such regulation, and during such time as the governing body continues to agree to such regulation. . . ." (Our italics.) The 1963 Act specifically provided that it did not apply to forty-eight named counties.

Pursuant to the provisions of the 1963 Act, the Board of Commissioners of Wake County, on March 2, 1964, adopted an ordinance or regulation which purported to regulate "Sunday Sales of Goods, Wares and Merchandise"; and, on the same date, the City of Raleigh adopted a resolution agreeing to the regulation. The 1963 Act was held invalid and the enforcement of the Ordinance and Resolution adopted pursuant thereto was enjoined. *Surplus Co. v. Pleasants, Sheriff, supra.* Decision was based on the proposition that the 1963 Act regulated trade; that, since it did not apply to forty-eight counties, it was a *local* act; and that, being a local act regulating trade, it contravened Article II, Section 29, of the Constitution of North Carolina.

The 1969 Act, which rewrote G.S. 153-9 (55), in part provides: "(55) To Adopt Ordinances for the Better Government of the County.—To adopt ordinances to prevent and abate nuisances, whether on public or private property; ordinances supervising, regulating, or suppressing or prohibiting in the interest of public morals, comfort, safety, convenience and welfare, public recreations, amusements and entertainments, and all things detrimental to the public good; and ordinances in the exercise of the general police power not inconsistent with the Constitution and laws of the State or the Constitution and laws of the United States. . . . Ordinances adopted pursuant to this subdivision shall apply throughout the county, except that such ordinances shall not be applicable within the corporate limits or jurisdiction of any municipality which has conducted the most recent election required by its charter or the general law,

whichever is applicable, unless the governing body thereof shall, by resolution, agree to such ordinance. . . ."

The 1969 Act conferred upon the board of commissioners of *every* county, for the better government of the county, the power to adopt ordinances "in exercise of the general police power," applicable to all portions of the county outside the corporate limits or jurisdiction of municipalities.

Plaintiffs contend the omission from the 1969 Act of the words, "including but not limited to the regulations and prohibition of the sale of goods, wares and merchandise on Sunday," which had appeared in the 1963 Act, indicates the General Assembly did not intend that the county commissioners should have power to enact Sunday observance ordinances. This contention is unrealistic and unsound. The 1969 Act does not confer or withhold authority in respect of specific activities; on the contrary, it confers authority to enact ordinances in the exercise of the general police power. In this respect, the 1969 Act is similar to the statutes which confer general police power upon cities and towns.

[5] Plaintiffs assert, as their second ground of attack, that the 1969 Act, which regulates trade, is *a local act* in contravention of Article II, Section 29, of the Constitution of North Carolina, because it *enables* the county commissioners of *a single county*, e.g., Cumberland, to adopt a Sunday ordinance notwithstanding the commissioners of all or certain of the other counties may not see fit to adopt such an ordinance. The reasons for the adoption of Article II, Section 29, are set forth fully in the Report of Albert Coates, Director of the Institute of Government, to the Commission on Public-Local and Private Legislation authorized by the 1949 General Assembly, appearing in the February-March, 1949, issue of Popular Government. Repetition is unnecessary. It is noteworthy that the Coates' Report is entitled: "The Problem of Private, Local, and Special Legislation and City and County Home Rule in North Carolina."

The 1969 Act is a Home Rule statute, applicable throughout the State. It *enables* the county commissioners of *every* county to enact ordinances in the exercise of the general police power within the prescribed territory just as the cited statutes *enable* the governing bodies of cities and towns to enact ordinances in the exercise of the general police power within their

corporate limits. These statutes, G.S. 160-52 and G.S. 160-200 (6), (7) and (10), are upheld *as general laws* and therefore valid notwithstanding they regulate (Sunday) trade. *State v. Smith,* 265 N.C. 173, 179, 143 S.E. 2d 293, 298, and cases cited. We hold that the 1969 Act is a general law and therefore does not contravene Article II, Section 29, of our Constitution.

[6] Plaintiffs assert, as their third ground of attack, that, assuming the applicability and validity of the 1969 Act, the Ordinance is invalid because it "has no relationship to the public health, general welfare, safety and morals of the citizens of Cumberland County and is arbitrary, unreasonable and discriminatory in its classification of businesses that may not be kept open on Sunday and the articles that may not be lawfully sold, offered or exposed for sale on Sunday in that it does not uniformly operate on all business in Cumberland County and does not prohibit all business activity in Cumberland County on Sunday and, therefore, violates Article I, Section 17, of the Constitution of the State of North Carolina, and the Fourteenth Amendment to the Constitution of the United States." Neither in their complaint nor in their evidence do plaintiffs indicate what provision(s) of the Ordinance they consider a basis for this broadside attack upon it. The provisions of this Ordinance are essentially the same as in the ordinances sustained by this Court in *Kresge Co. v. Tomlinson, supra,* and in *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370, and in *Clark's v. West,* 268 N.C. 527, 151 S.E. 2d 5.

At the hearing below, the portions of the minutes of the meetings of the Board of County Commissioners held October 20, November 3 and December 12, 1969, and January 5, 1970, pertaining to the adoption of the Ordinance, were offered and received in evidence. Plaintiffs, in their brief, contend these minutes indicate the principal proponents for adoption of the Ordinance were competing retail merchants. It appears from these minutes that those who spoke for adoption of the Ordinance stated that a majority of the retail merchants and of their employees preferred that their stores be closed on Sunday "to allow as many people as possible to use this day for rest, visits, and recreation." Two of those favoring adoption of the Ordinance spoke as representatives of a group known as "Citizens Committee for Sunday Observance." It is noteworthy that counsel for the present plaintiffs spoke in opposition to the adop-

tion of the Ordinance. Be that as it may, if the Board of Commissioners does not exceed its delegated or constitutional authority, "the courts are not concerned with the motives, wisdom, or expediency which prompts its actions." *Clark's v. West, supra* at 531, 151 S.E. 2d 8, and cases cited.

The judgment of the court below, which "adjudged and declared" the Ordinance "to be constitutional and in all respects valid," and which dissolved the preliminary injunction theretofore entered, is affirmed. The supplemental order, which has restrained enforcement of the Ordinance "pending a final determination of this cause," is hereby vacated as of the date of the filing of this opinion.

Judgment affirmed; supplemental order vacated.