STATE OF NORTH CAROLINA v. FRANK ATLAS, RAYMOND L. RIDGE, AND GERTRUDE HUARD

No. 7212SC811

(Filed 20 December 1972)

1. **Constitutional Law § 14; Sundays and Holidays— validity of Sunday observance law — denial of motion to quash warrant**

   The trial court properly overruled defendants' motions to quash warrants against them made on the ground that the ordinance under which they were charged requiring observance of Sunday as a uniform day of rest in the county was unconstitutional.

2. **Constitutional Law § 14; Sundays and Holidays— sale of clothing on Sunday — evidence of other Sunday sales properly excluded**

   In a trial where defendants were charged with selling items of clothing on Sunday in violation of an ordinance prohibiting such sales on that day, publications purportedly purchased on a Sunday from a bookstand in the county were properly excluded from evidence, as the ordinance itself specifically provided that newsstands could remain open on Sunday.

   Judge CAMPBELL dissents.

APPEAL by defendants from *Godwin, Special Judge,* 17 July 1972 Criminal Session of Superior Court held in CUMBERLAND County.

Defendants were convicted in the District Court of Cumberland County of violating a county ordinance, adopted pursuant to authority conferred by G.S. 153-9 (55), and entitled *"An Ordinance Concerning the Observance of Sunday as a Uniform Day of Rest in Cumberland County."* Defendants appealed to the Superior Court where they were again convicted. They appeal here from judgments entered in the Superior Court.

*Attorney General Morgan by Assistant Attorney General Rich for the State.*

*C. Eugene McCartha of Ervin, Horack & McCartha and J. Duane Gilliam by C. Eugene McCartha for defendant appellants.*

GRAHAM, Judge.

The facts are not in dispute: On Sunday, 5 March 1972, defendants sold various items of clothing and wearing apparel while employed at Treasure City, a place of business owned by Whitney Stores, Inc. and located in Cumberland County outside the corporate limits and jurisdiction of any municipality. Section IA of the ordinance in question provides that it shall be unlawful for any person to sell, or offer or expose for sale on a Sunday, any clothing and wearing apparel, clothing accessories, and other enumerated items.

[1] The principal question presented on this appeal is whether the court erred in overruling defendants' motions to quash the warrants, made on the ground that the ordinance under which defendants were charged is unconstitutional. The constitutionality of this ordinance was considered by the Supreme Court in an action brought in 1970 by defendants' employer and other parties. *Whitney Stores v. Clark,* 277 N.C. 322, 177 S.E. 2d 418. In that case, the Supreme Court affirmed a judgment of the Superior Court which had " 'adjudged and declared' the ordinance 'to be constitutional and in all respects valid,' " and noted that the ordinance was essentially the same as ordinances upheld in *Kresge v. Tomlinson,* and *Arlan's Dept. Store v. Tomlinson,* 275 N.C. 1, 165 S.E. 2d 236; *Clark's v. West,* 268 N.C. 527, 151 S.E. 2d 5; and *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370.

Under the authority of *Whitney Stores v. Clark, supra,* we overrule defendants' contention that they were charged under an unconstitutional ordinance.

**[2]**　In support of their motions to quash the warrant, defendants attempted to introduce several publications which were purportedly purchased on a Sunday from a bookstand in Cumberland County. Defendants' assignments of error challenging the exclusion of this evidence are overruled. The ordinance itself provides that newsstands may remain open on Sunday for the sale of papers, publications and other enumerated items; and also, that nothing in the ordinance "shall be construed to prohibit the publication or the sale of newspapers or magazines by newsstands or newsboys." Consequently, the fact publications of any description could be purchased in Cumberland County on a Sunday was not in issue and the evidence tendered was immaterial.

Affirmed.

Judge Brock concurs.

Judge Campbell dissents.