SUMMEY OUTDOOR ADVERTISING, INC., PLAINTIFF v. THE COUNTY OF HENDERSON, A POLITICAL SUBDIVISION OF THE STATE OF NORTH CAROLINA, DEFENDANT

No. 8829SC900

(Filed 19 December 1989)

1. **Municipal Corporations § 30.13 (NCI3d)— sign control ordinance—enacted under general police power—valid**

    A county sign control ordinance was well within the parameters of N.C.G.S. § 153A-121 and, while it may have been more desirable and better planning for defendant to adopt a county-wide zoning ordinance under N.C.G.S. § 153A-340, the fact that defendant did not do so does not preclude defendant from regulating outdoor advertising under N.C.G.S. § 153A-121, which confers general police power upon cities and towns.

    **Am Jur 2d, Advertising §§ 8, 13, 24-26.**

2. **Municipal Corporations § 30.13 (NCI3d)— sign control ordinance—equal protection—valid**

    A sign control ordinance involving an off-premise/on-premise classification provided a constitutionally valid basis for regulation of outdoor advertising signs in that the validity of such classifications has been accepted and upheld as a valid distinction in an equal protection context. The regulations apply to all off-premises signs not otherwise exempted, defendant established legitimate reasons for the ordinance, and the ordinance was not for aesthetics only.

    **Am Jur 2d, Advertising §§ 8, 13, 24-26.**

3. **Municipal Corporations § 30.13 (NCI3d)— sign control ordinance—not a taking—not a violation of general due process**

    A sign control ordinance did not violate due process where it was clear that the objectives stated in the ordinance are within the scope of the police power. Restriction of outdoor advertising signs is reasonably necessary to promote traffic safety, prevent fire hazards or obstructions of light, air and visibility, and the ordinance was not unreasonable in its interference with plaintiff's right to use his property as he deems fit. The fact that it will be costly for plaintiff to bring some of his signs into compliance with the ordinance does not rise to the level of interference with his right to use the property

as he deems fit and plaintiff presented no evidence that compliance with the ordinance would completely deprive him of the beneficial use of his property.

**Am Jur 2d, Advertising §§ 8, 13, 24-26.**

**4. Municipal Corporations § 30.13 (NCI3d) — sign control ordinance — amortization provisions — valid**

Amortization provisions in a sign control ordinance were valid and did not constitute a taking of plaintiff's property without compensation because the nature of plaintiff's business is outdoor advertising and the fact that plaintiff is engaged in a "single purpose" does not exempt it from any and all regulations; although plaintiff's improvements to the land were legal when built or bought, that does not mean that defendant could never subject plaintiff to any regulations; prohibitive cost of compliance which diminishes plaintiff's property values is not sufficient reason to render an ordinance invalid; that the "character of the neighborhood" is a factor in determining reasonableness makes no difference here; and the five year amortization period was sufficient compensation.

**Am Jur 2d, Zoning and Planning § 190.**

APPEAL by plaintiff from Owens (Hollis M.), Judge. Orders entered 17 February 1988 and 28 April 1988 in Superior Court, HENDERSON County. Heard in the Court of Appeals 16 March 1989.

On 13 February 1987, plaintiff filed a complaint against defendant alleging that a sign control ordinance enacted by defendant on 21 May 1986 with subsequent amendments (hereinafter the ordinance) was illegal, *ultra vires* and unconstitutional. On 2 November 1987, defendant filed a motion for summary judgment, and plaintiff filed a cross-motion for partial summary judgment on 30 December 1987.

The trial court heard arguments and entered an order on 17 February 1988 denying plaintiff's cross-motion for summary judgment and ruling that the ordinance is "statutorily authorized and constitutionally valid . . . .", thereby effectively granting defendant's motion for summary judgment. Plaintiff moved to alter or amend the judgment. The trial court denied plaintiff's motion by order dated 28 April 1988.

SUMMEY OUTDOOR ADVERTISING v. COUNTY OF HENDERSON

[96 N.C. App. 533 (1989)]

From the orders of 17 February 1988 and 28 April 1988, plaintiff appeals.

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Albert L. Sneed and Michelle Rippon, for plaintiff-appellant.*

*Michael B. Brough & Associates, by Michael B. Brough and Frayda S. Bluestein, for defendant-appellee.*

ORR, Judge.

The ordinance in question concerns the regulation of certain outdoor advertising signs. It was enacted on 21 May 1986 by the Henderson County Board of Commissioners pursuant to G.S. 153A-121(a). The purpose of the ordinance:

> [I]s to permit such signs that will not, by their reason, size, location, construction, state of repair, or manner of display, endanger the public safety of individuals, confuse, mislead or obstruct the vision necessary for traffic safety, or otherwise endanger public health, safety and welfare. Signs, if improperly constructed, located, or concentrated in large numbers can be hazardous to public health, safety and welfare and result in aesthetic harm. A sign left unregulated may be a fire hazard, dangerous in high winds, a cause of garbage accumulation, an obstruction of light and air, and a traffic hazard by distracting a driver's attention from the road.

The ordinance regulates the size, height, configuration and location of signs not advertising a business located on the same lot or parcel as the sign. This distinction is commonly known as one between "off-premise" and "on-premise" signs.

The ordinance regulates only off-premise signs larger than 15 square feet. Therefore, on-premise signs and those less than 15 square feet are not subject to regulation. The ordinance further provides that all outdoor advertising signs (subject to the ordinance) shall have a permit prior to construction. Those signs already in existence must be brought into compliance with the ordinance to receive a permit.

The key provisions of the ordinance under section 402.8A require that the maximum permissible size for new and existing signs is 380 square feet. Sign structures may have two sides per structure with one face per side. Sign structures must be set back

25 feet from paved roads or 35 feet from the center line of unpaved roads. Signs may not be located closer than 1,000 feet to another sign, residence or jurisdictional boundary. There are also various height requirements depending upon the size of the sign.

Section 604.3 of the ordinance allows existing nonconforming signs to be brought into compliance with the ordinance requirements or be removed within five years of enactment (by 21 May 1991). This period of time is generally considered an "amortization period." There are two exceptions to this requirement. First, under section 604.3, nonconforming signs located on interstate or federal and primary highways are "grandfathered in" and not subject to removal. Second, section 604.3 excepts signs nonconforming solely because they violate the minimum spacing requirements.

Plaintiff, an outdoor advertising company, is in the business of buying and building outdoor advertising signs. Beginning in June 1986, plaintiff submitted applications for signs and building permits pursuant to the ordinance. Of the 12 applications for permits listed in Schedule A, each was denied for violating the setback, spacing and/or height requirements.

Plaintiff maintains that 32 of his signs were legally permitted when he bought or rebuilt them. These 32 signs are now "nonconforming" under the ordinance, because 27 are four inches to 10 feet too close to the road and five are three to 11 feet too tall. Five of the 32 signs have too many faces under the ordinance.

Plaintiff maintains that the ordinance is not statutorily authorized, cannot survive as an aesthetics-only ordinance on at least two grounds, is an arbitrary violation of due process of law, and its provisions for amortization are invalid. Plaintiff argues that the trial court erred in ruling in favor of defendant on these issues, effectively granting defendant's motion for summary judgment.

A motion for summary judgment under G.S. 1A-1, Rule 56(c) "shall be rendered . . . if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law."

In a summary judgment proceeding, the trial court's role is to determine if there is a triable material issue of fact, viewing all evidence presented in the light most favorable to the nonmoving party. *Land-of-Sky Regional Council v. Co. of Henderson*, 78 N.C.

SUMMEY OUTDOOR ADVERTISING v. COUNTY OF HENDERSON

[96 N.C. App. 533 (1989)]

App. 85, 87, 336 S.E.2d 653, 654 (1985), *disc. rev. denied*, 316 N.C. 553, 344 S.E.2d 7 (1986); *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 258, 335 S.E.2d 79, 83 (1985), *disc. rev. denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). This remedy allows the trial court to decide whether a genuine issue of fact exists, but it does not permit the trial court to decide an issue of fact. *Sauls v. Charlotte Liberty Mut. Ins. Co.*, 62 N.C. App. 533, 535, 303 S.E.2d 358, 360 (1983) (citations omitted).

In the case before us, the trial court made findings of fact and conclusions of law. We note that the trial court's findings are uncontested except for Finding No. 5, which deals only with plaintiff's applications for sign permits, and not with a genuine issue of material fact. While it is not advisable to make findings of fact in a summary judgment proceeding, such findings do not render the summary judgment invalid. *White v. Town of Emerald Isle*, 82 N.C. App. 392, 398, 346 S.E.2d 176, 179, *disc. rev. denied*, 318 N.C. 511, 349 S.E.2d 874-75 (1986).

> A trial judge is not required to make finding[s] of fact and conclusions of law in determining a motion for summary judgment, and if he does make some, they are disregarded on appeal. Shuford, N.C. Practice and Procedure, Sec. 56-6 (1977 Supp.). Rule 52(a)(2) does not apply to the decision on a summary judgment motion because, if findings of fact are necessary to resolve an issue, summary judgment is improper. However, such findings and conclusions do not render a summary judgment void or voidable and may be helpful, if the facts are not at issue and support the judgment. *Insurance Agency v. Leasing Corp.* 26 N.C. App. 138, 215 S.E.2d 162 (1975).

*Id.*, citing *Mosley v. Finance Co.*, 36 N.C. App. 109, 111, 243 S.E.2d 145, 147, *disc. rev. denied*, 295 N.C. 467, 246 S.E.2d 9 (1978).

I.

[1] Plaintiff first argues that defendant did not have the statutory authorization to enact the ordinance without complying with the procedural safeguards for zoning. We disagree.

Article I of the ordinance indicates that it was enacted under G.S. 153A-121(a) which states:

> A county may by ordinance define, regulate, prohibit or abate acts, omissions, or conditions detrimental to the health, safety,

or welfare of its citizens and the peace and dignity of the county; and may define and abate nuisances.

This statute and its predecessor, G.S. 153-9(55), confers general police power upon cities and towns. *Whitney Stores v. Clark,* 277 N.C. 322, 325-26, 177 S.E.2d 418, 420 (1970).

Plaintiff concedes that defendant has the authority to regulate its outdoor advertising signs under the zoning power enumerated in G.S. 153A-340, "[f]or the purpose of promoting health, safety, morals, or the general welfare, . . . ." We do not believe that because defendant has authority to regulate signs under G.S. 153A-340, it may not regulate signs in a similar manner under the general police powers in G.S. 153A-121 (allowing regulation of "conditions detrimental to the health, safety or welfare of its citizens and the peace and dignity of the county . . ."). G.S. 153A-121 and 153A-340 do not operate exclusively of each other. *See* G.S. 153A-124 (Specific powers enumerated in Article 6, Chapter 153A to "regulate, prohibit or abate acts, omissions or conditions is not exclusive [or] a limit on the general authority to adopt ordinances . . . [under] G.S. 153A-121.").

Moreover, defendant has not exceeded its authority under G.S. 153A-121. Our Legislature, in G.S. 153A-4, mandated that Chapter 153A and local acts "shall be broadly construed and grants of power shall be construed to include any powers that are reasonably expedient to the exercise of that power." *Cf., Variety Theaters v. Cleveland County,* 282 N.C. 272, 192 S.E.2d 290 (1972), *appeal dismissed,* 411 U.S. 911 (1973) (the validity of a local act found immaterial when G.S. 153-9(55) (predecessor of 153A-121) was broad enough to authorize the contested ordinance).

G.S. 153A-121 does not allow defendant to engage in total land use planning without a plan, does not prohibit uses without concern to adverse or beneficial effects on the economy, is not exclusively remedial in nature, and does not permit regulations *solely* in a prohibitive manner, as plaintiff maintains. The language of G.S. 153A-121 is clear. Therefore, we hold that defendant's ordinance is well within the parameters of the statute. While it may have been more desirable and better planning for defendant to adopt a county-wide zoning ordinance, the fact that defendant did not do so does not preclude defendant from regulating outdoor advertising signs under G.S. 153A-121.

II.

[2] Plaintiff's next assignment of error concerns whether or not the ordinance is authorized under *Shuford v. Waynesville*, 214 N.C. 135, 198 S.E. 585 (1938), and whether the ordinance denies plaintiff equal protection and is rationally related to the legitimate public purposes for which it was adopted.

In *Shuford*, a zoning case concerning service stations, our Supreme Court stated that so long as an ordinance or regulation is reasonable and not arbitrary and applies uniformly to all persons similarly situated, then the ordinance meets the due process and equal protection requirements of the law. 214 N.C. at 139, 198 S.E. at 588. The *Shuford* court concluded that although the ordinance was statutorily authorized, it was invalid on constitutional grounds because the defendant, Town of Waynesville, established no legitimate reason for allowing a service station on one block and not permitting an identical one on the next. The court found that the ordinance was arbitrary and discriminatory and, in effect, gave a monopoly to the service station already in operation. *Id.* at 140, 198 S.E. at 588.

The classification established in the case *sub judice* concerns off-premise outdoor advertising signs in Henderson County. On-premise signs are exempted from the ordinance, as are off-premise signs located on interstate or federal aid primary highways and those that are nonconforming with the ordinance solely because they violate the minimum spacing requirements.

Unlike the classification in *Shuford*, the validity of the classification for off-premise and on-premise sign regulations has been accepted and upheld as a valid distinction for such regulation in a constitutional equal protection context. *Metromedia v. City of San Diego*, 453 U.S. 490, 69 L.Ed.2d 800, 101 S.Ct. 2882 (1981). In *Metromedia*, a plurality of the court found that an ordinance prohibiting off-premise commercial billboard advertising would not have offended the first amendment if it had not preferred commercial over noncommercial advertising. *Id.* Relying on *Metromedia*, the Fourth Circuit affirmed summary judgment and validated a Durham ordinance prohibiting *all* commercial off-premise advertising signs (except those on interstate or federally-aided primary highways) (emphasis added). *Naegele Outdoor Advertising, Inc. v. City of Durham*, 844 F.2d 172, 173 (4th Cir. 1988). *Cf. Givens v. Town of Nags Head*, 58 N.C. App. 697, 294 S.E.2d 388, *cert. denied*,

307 N.C. 127, 297 S.E.2d 400 (1982) (zoning ordinance prohibiting off-premise outdoor advertising signs was not overbroad and did not exceed the town's police power).

Based upon the foregoing principle of law, we find that the off-premise/on-premise classification is a constitutionally valid basis for regulation of outdoor advertising signs. Moreover, although our case is factually distinct from that of *Shuford*, we find that the off-premise/on-premise classification can be reconciled with the equal protection principles in *Shuford*.

First, regulating off-premise advertising signs in size, height and distance from the road is reasonable and not arbitrary. These regulations apply to *all* off-premise signs not otherwise exempted.

Second, defendant has established legitimate reasons for the ordinance. Article II of the ordinance states that its purpose is to protect "public health, safety and welfare," and prevent "aesthetic harm, . . . fire hazard, . . . garbage accumulation, obstruction of light and air, and . . . traffic hazard[s]." We find that all of these reasons are legitimate and note that similar ordinances have been upheld on the basis of aesthetics alone. *See State v. Jones*, 305 N.C. 520, 290 S.E.2d 675 (1982); *Naegele*, 844 F.2d 172 at 174 (4th Cir. 1988).

Plaintiff further argues that the ordinance fails the test of *State v. Jones*, 305 N.C. 520, 290 S.E.2d 675 (1982), for an aesthetics-only ordinance. The *Jones* court held that aesthetics based regulatory ordinances are permissible when they are reasonable. Reasonableness depends on the facts and circumstances of each case, including a determination of "whether the aesthetic purpose to which the regulation is reasonably related outweighs the burdens imposed on the private property owner by the regulation." *Id.* at 530-31, 290 S.E.2d at 681 (citations omitted). We find *Jones* to be inapplicable to the case at bar, because the ordinance in question is not for aesthetics only. Plaintiff argues that defendant acknowledged that the ordinance was solely for aesthetic purposes in interrogatories numbers 46 and 48. We have reviewed these interrogatories and other evidence and find that defendant made no such concession. Furthermore, we rely on Article II of the ordinance where aesthetics is listed as only one of several purposes.

SUMMEY OUTDOOR ADVERTISING v. COUNTY OF HENDERSON

[96 N.C. App. 533 (1989)]

## III.

[3] Plaintiff next argues that the ordinance is an oppressive and arbitrary violation of due process of law under a takings theory and on general due process grounds.

The source of substantive due process and constitutional takings claims in North Carolina is Article I, sec. 19 of the North Carolina Constitution:

> No person shall be taken, imprisoned, or disseized of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner deprived of his life, liberty, or property, but by the law of the land. No person shall be denied the equal protection of the laws; nor shall any person be subjected to discrimination by the State because of race, color, religion, or national origin.

The "law of the land" clause has the same meaning as "due process of law" under the Federal Constitution. *Horton v. Gulledge*, 277 N.C. 353, 359, 177 S.E.2d 885, 889 (1970), *rev'd on other grounds*, *State v. Jones*, 305 N.C. 520, 290 S.E.2d 675 (1982).

In *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 217, 258 S.E.2d 444, 450 (1979), our Supreme Court stated that a regulation must be reasonably related to a legitimate public purpose to meet the constitutional requirements of due process. The court went further in *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 302 S.E.2d 204 (1983). There, the issues were similar to the issues in the case *sub judice*.

In *Responsible Citizens*, the plaintiff alleged that a city ordinance concerning land-use regulations in a flood plain area constituted an unlawful exercise of the police power because it effected a "taking" of property without just compensation and because it violated the constitutional equal protection provisions, benefitting one class of citizens at the expense of another. Citing *A-S-P Associates*, the court engaged in an "ends-means" analysis in deciding whether a particular exercise of the police power is legitimate. This is a two-pronged test: the court first determines whether the object of the legislation (the ends sought) is within the scope of the power. Then the court determines whether the means chosen are reasonable. In determining the second prong, the court must determine if the regulation is reasonably necessary to "promote the accomplishment of a public good" and if "the interference with

the owner's right to use his property as he deems fit reasonable in degree[.]" *Id.* at 261-62, 302 S.E.2d at 208.

Applying these principles to our case, it is clear that the objectives stated in Article II of the ordinance fall within the scope of the police power. We now turn to whether the ordinance is reasonable. We believe that the ordinance is reasonably necessary to "promote the accomplishment of a public good." We agree with defendant that size, height, location, state of repair, and manner of display restrictions in outdoor advertising signs are reasonably necessary to promote traffic safety, prevent fire hazards or obstructions of light, air and visibility. Without any such restrictions, it is not inconceivable that Henderson County could have "wall-to-wall" outdoor advertising signs.

Moreover, we find that the ordinance is not unreasonable in its interference with plaintiff's "right to use his property as he deems fit." The ordinance allows plaintiff to obtain permits for *all* outdoor advertising signs so long as such signs comply with the restrictions. The ordinance places no unreasonable restrictions on plaintiff. The fact that it will be costly for plaintiff to bring some of his signs into compliance with the ordinance does not rise to the level of an interference with his right to *use* the property as he deems fit.

Our Supreme Court stated in *Helms v. Charlotte*, 255 N.C. 647, 653, 122 S.E.2d 817, 822 (1961), that a zoning ordinance is invalid when it "has the effect of *completely depriving* (emphasis added) an owner of the beneficial use of his property by precluding all practical uses or the only use to which it is reasonably adapted, . . . ." (Citation omitted.) Plaintiff has presented no evidence that compliance with the ordinance will completely deprive him of the beneficial use of his property. Plaintiff has presented only evidence of the cost of compliance and *speculation* that under the ordinance some of his sign leases may be in jeopardy.

Our Supreme Court noted in *A-S-P Associates* and in *Responsible Citizens* that "the mere fact that an ordinance results in the depreciation of the value of an individual's property or restricts to a certain degree the right to develop it as he deems appropriate, is not sufficient reason to render the ordinance invalid." 298 N.C. at 218, 258 S.E.2d at 451 (citations omitted).

In summary, we hold that the ordinance is reasonably related to the legitimate public purposes stated in Article II of the ordinance and therefore meets the constitutional requirements of due process. Further, we hold that the objectives of Article II are within defendant's police powers, that the ordinance is reasonably necessary to promote the accomplishment of its stated purposes for the public good, and that the ordinance does not unreasonably interfere with plaintiff's "right to use his property as he deems fit."

## IV.

[4] Plaintiff's remaining issues concern whether the ordinance's amortization provisions are valid under North Carolina law. Plaintiff contends that the ordinance fails the test in *State v. Joyner*, 286 N.C. 366, 211 S.E.2d 320, *appeal dismissed*, 422 U.S. 1002 (1975), and constitutes a taking of his property without just compensation.

We find that the trial court's conclusion that the ordinance "does not effect an unlawful taking of plaintiff's property without compensation" is not in conflict with *Joyner*. In *Joyner*, our Supreme Court held that "provisions for amortization of nonconforming uses [in a rezoning ordinance] are valid, if reasonable . . . ." 286 N.C. at 375, 211 S.E.2d at 325. The *Joyner* court, *citing Harbison v. Buffalo*, 4 N.Y. 2d 553, 562-63, 176 N.Y.S. 2d 598, 605, 152 N.E.2d 42, 47 (1958), considered the following factors:

> '. . . When the termination provisions are reasonable in the light of the nature of the business of the property owner, the improvements erected on the land, the character of the neighborhood, and the detriment caused the property owner, we may not hold them constitutionally invalid.'

286 N.C. at 374, 211 S.E.2d at 325.

Taking these factors into consideration, we hold that the ordinance, in the case before us, is reasonable. First, the nature of plaintiff's business is outdoor advertising. Plaintiff makes a lengthy argument concerning the "single purpose" of his business. The fact that plaintiff is engaged solely in a "single purpose" business does not thereby exempt it from any and all regulation.

Second, although his alleged improvements to the land (if outdoor advertising signs are indeed improvements) were legal when built or bought, it does not mean that defendant could *never* subject plaintiff to any regulations.

Third, plaintiff argues that the cost of compliance is a substantial detriment. When the cost of compliance with such ordinance is prohibitive and diminishes plaintiff's property values, it is not sufficient reason to render an ordinance invalid. *Responsible Citizens v. City of Asheville*, 308 N.C. 255, 265, 302 S.E.2d 204, 210 (1983), citing *A-S-P Associates v. City of Raleigh*, 298 N.C. 207, 218, 258 S.E.2d 444, 451 (1979).

Finally, the "character of the neighborhood" as a factor determining reasonableness makes no difference here. The ordinance applies throughout the county to off-premise signs unless otherwise excepted. The fact that an on-premise unregulated sign may still exist in a particular area while an off-premise sign in the same area is regulated by the ordinance does not necessarily impact on the character of the neighborhood. Defendant's overall purpose in Article II of the ordinance would generally improve the character of a neighborhood even if only a few signs were subject to compliance.

We further find that the ordinance does not constitute a taking of plaintiff's property without compensation. We hold that the ordinance's five-year amortization period is sufficient compensation and rely on a number of cases upholding similar amortization provisions. *See State v. Joyner*, 286 N.C. 366, 211 S.E.2d 320, *appeal dismissed*, 422 U.S. 1002 (1975) (three-year amortization for removal of junkyards upheld); and *Givens v. Town of Nags Head*, 58 N.C. App. 697, 294 S.E.2d 388, *cert. denied*, 307 N.C. 127, 297 S.E.2d 400 (1982) (five and one-half year amortization of outdoor advertising signs upheld). We further note that there are numerous other federal cases supporting corollary amortization provisions.

For the reasons set forth above, we affirm the trial court's denial of plaintiff's cross-motion for summary judgment, its findings and conclusions of law in favor of defendant and its denial of plaintiff's motion to alter or amend its order.

Affirmed.

Judges BECTON and PARKER concur.