R. O. GIVENS, INC. v. THE TOWN OF NAGS HEAD

No. 811SC775

(Filed 7 September 1982)

1. **Municipal Corporations § 30.13— ordinance prohibiting outdoor advertising —authority of town**

   A town had the authority to prohibit outdoor advertising in areas zoned commercial and industrial and to provide compensation for removed signs by amortization since the Outdoor Advertising Control Act, G.S. 136-126 *et seq.*, did not apply to such areas.

2. **Municipal Corporations § 30.13— ordinance prohibiting outdoor advertising —cash compensation for removed signs not required**

   Outdoor advertising signs which were rendered unlawful by a town zoning ordinance were not signs "lawfully erected under the state law" within the meaning of G.S. 136-131, and the owners of signs required by the ordinance to be removed were thus not entitled to cash compensation for the removed signs.

**3. Municipal Corporations § 30.13— ordinance prohibiting off-premises advertising signs—police power**

A town ordinance prohibiting off-premises commercial signs and requiring their removal by a certain date constituted a valid exercise of the police power.

**4. Municipal Corporations § 30.13— ordinance prohibiting off-premises commercial signs—no violation of freedom of speech**

A town ordinance prohibiting off-premises commercial signs did not infringe on First Amendment freedom of speech rights.

**5. Municipal Corporations § 30.18— ordinance prohibiting off-premises commercial signs—amortization—constitutionality**

A town ordinance prohibiting off-premises commercial signs and requiring their removal within a period of five and one-half years was not confiscatory and was reasonable.

**6. Municipal Corporations § 30.13— ordinance prohibiting off-premises commercial signs—equal protection**

A town ordinance prohibiting off-premises commercial signs while permitting on-premises signs did not violate equal protection.

**7. Municipal Corporations § 30.13— ordinance prohibiting off-premises advertising signs—no action under Civil Rights Act**

In an action involving a town ordinance prohibiting off-premises advertising signs, the trial court did not err in denying plaintiff's motion to amend its complaint to assert a claim under 42 U.S.C. § 1983 of the Civil Rights Act based on an alleged violation of plaintiff's rights under the Federal Highway Beautification Act, 23 U.S.C. § 131.

APPEAL by defendant from *Preston, Judge.* Judgment entered 16 March 1981 in Superior Court, DARE County. Heard in the Court of Appeals 30 March 1982.

This appeal is from the trial court's holding that an ordinance of the town of Nags Head is unconstitutional and void. The ordinance in question prohibits off-premise commercial signs and requires their removal by 31 December 1977. Plaintiff, a corporation engaged in the business of outdoor advertising, brought this action for a declaratory judgment that the ordinance is null and void or, alternatively, a judgment requiring the town to compensate plaintiff for its loss in excess of $70,000 resulting from removal of its signs.

The town averred in its answer that the 1977 zoning ordinance was merely a recodification of a 1973 ordinance to which

plaintiff had not objected. It was argued, therefore, that plaintiff's claim was barred by the statute of limitations and laches. The town also denied plaintiff's claim that the ordinance was unconstitutional.

According to stipulations, plaintiff owns 675 off-premise advertising signs in 13 counties, 30 of which are in Nags Head. The town of Nags Head is located on the Outer Banks of North Carolina, and tourism is a vital part of its economy.

The primary purpose of the ordinance is to eliminate structures which block and detract from the town's scenic beauty. A period of five and one-half years was allowed between the time off-premise signs were outlawed in 1972 and the time their removal was required. Although plaintiff added no new signs after 1972, it claimed entitlement to the fair market value of its pre-existing signs.

The trial court found that the Nags Head ordinance had been preempted by the Outdoor Advertising Control Act (state act) and that the State had shown legislative intent to conform the latter to the Federal Highway Beautification Act (federal act). The court further concluded that the State's failure to comply with the federal act could result in a penalty. Accordingly, the local ordinance was declared void to the extent that it was inconsistent with the requirements of the federal act regarding compensation for removal of signs along primary highways.

The court adjudged Nags Head zoning ordinance § 6.04E(6) "arbitrary, unreasonable, confiscatory, unconstitutional and void" and permanently restrained its enforcement.

Defendant appealed. Plaintiff appealed from denial of its motion to amend its complaint.

*Shearin, Gaw & Archbell, by Roy A. Archbell, Jr., and Norman W. Shearin, Jr., for plaintiff appellee.*

*Kellogg, White, Evans & Sharp, by Thomas L. White, Jr., and Hunter, Wharton & Howell, by John V. Hunter, III, for defendant appellant.*

ARNOLD, Judge.

This action is complicated by the fact that outdoor advertising is subject to state and, indirectly, to federal regulation as well as to municipal control. Thus the trial court was required to consider the scope of the state Outdoor Advertising Control Act, G.S. 136-126, adopted by our legislature to implement the Federal Highway Beautification Act, 23 U.S.C. § 131, in determining the applicability of the Nags Head Ordinance.

On 11 June 1982 the General Assembly enacted Chapter 1147 of the Session Laws by adding a new section to Article 11 of Chapter 136 of our General Statutes. The new section, which expires 30 June 1984, requires that when outdoor advertising is removed just compensation shall be required in accordance with paragraphs (2), (3) and (4) of G.S. 136-131. Language in the bill (House Bill 193) enacted as Chapter 1147 which would have made the act applicable to billboards subject to pending litigation was removed prior to enactment by the General Assembly.

Defendant brings forth eight arguments in its appeal and plaintiff cross-appeals with one assignment of error.

I.

[1] The first contention of the town of Nags Head is that the trial court erred in finding that the local ordinance was preempted by the state act. The town argues that the state act does not affect signs located in areas zoned commercial or industrial and that nothing in the state act prohibits municipalities from regulating advertising which falls outside its provisions. This interpretation is supported by other state statutes which expressly provide that "[t]he fact that a State or federal law, standing alone, makes a given act, omission or condition unlawful shall not preclude city ordinances requiring a higher standard of conduct or condition." G.S. 160A-174(b). *See also* G.S. 160A-390. Thus, the town contends that it is authorized to outlaw outdoor advertising which is not regulated by state law and to provide compensation by amortization since the state act's compensation provision has no relevance. We tend to agree with the town.

[2] With respect to advertising signs which are not located in areas zoned commercial or industrial, the determination of applicable law is more complicated. The state and federal acts

specifically require cash compensation to sign owners whose signs are removed pursuant to those acts. However, in order to be compensable, the state statute requires that a sign be "lawfully erected under the state law." G.S. 136-131. The signs in question here, having been rendered unlawful by local zoning ordinances adopted pursuant to the state enabling statute, G.S. 160A-381, are not signs "lawfully erected" and therefore are not compensable.

We note that the federal act was amended in 1978 specifically to avoid this result and to require compensation for signs legal when erected. The judgment of the trial court effectively imposed these federal amendments on the state act. We question this result, however, since our legislature had not adopted the 1978 amendments when this matter was considered by the trial court. Plaintiff argues that the express terms of the state act contravene the intent of the federal act, as amended, and jeopardize a portion of our federal highway funds. While this contention may be well-taken, amendment of the statute is within the purview of the legislature and not this Court. Since legislative action had not been taken to alter the clear wording of the state act prior to trial of this action, we cannot find advertising signs legal which have been rendered illegal pursuant to state law.

II.

The town next challenges the trial court's conclusion that its zoning ordinance as to off-premises outdoor advertising is overbroad, exceeds police power and is arbitrary, oppressive, unreasonable and capricious.

[3] We have examined the zoning scheme and stated objectives of the town and we find the off-premises advertising restriction to be within the police power of the municipal government. Indeed, in the landmark case of *Metromedia, Inc. v. San Diego*, 453 U.S. 490 (1981), the U.S. Supreme Court upheld a similar ordinance insofar as it affected commercial advertising signs. "Esthetics" have, in fact, been held to constitute a legitimate consideration in the exercise of police power. *See* Metromedia, *supra*; *State v. Jones*, 53 N.C. App. 466, 281 S.E. 2d 91 (1981), affirmed 305 N.C. 520, 290 S.E. 2d 675 (1982).

[4] As to the finding that the ordinance in question unconstitutionally restricts freedom of speech, we are not persuaded by

plaintiff's circuitous analysis of Nags Head's zoning laws that the sign restriction in any way affects noncommercial speech. The definition of "outdoor advertising structure" adopted by the town would appear expressly to limit application of the sign ordinance to commercial signs. As the town points out, the definition closely parallels that which received U.S. Supreme Court sanction in *Suffolk Outdoor Advertising Co. v. Hulse*, 439 U.S. 808 (1978). Accordingly, we hold that the ordinance imposes constitutional time, place and manner restrictions only and does not infringe on First Amendment rights.

[5] The trial court's holding that the town ordinance is confiscatory is in conflict with the decision of our Supreme Court in *State v. Joyner*, 286 N.C. 366, 211 S.E. 2d 320, *appeal dismissed*, 422 U.S. 1002 (1975). *Joyner* upheld the constitutionality of an ordinance requiring removal of non-conforming uses without compensation after a three-year amortization period. We have concluded that the five and one-half year amortization period here is reasonable in view of *Joyner*.

[6] Finally, we reject the plaintiff's contention that the town's prohibition of off-premise commercial signs, while permitting on-premise signs, violates equal protection. The U.S. Supreme Court has stated on similar facts that ". . . off-site commercial billboards may be prohibited while on-site commercial billboards are permitted." Metromedia, 453 at 512. The court explained that the city's legitimate interests could reasonably have been found to outweigh one classification of private interest, but not another.

Having concluded from the foregoing that the trial court erred in its conclusion of law with regard to the enforceability of the Nags Head sign ordinance, we find it unnecessary to reach defendant's remaining assignments of error.

PLAINTIFF'S APPEAL

III.

[7] Plaintiff brings forth one assignment of error in its cross-appeal, charging that the trial court erred in denying plaintiff's motion to amend its complaint to allege a claim under 42 U.S.C. § 1983 of the Civil Rights Act. Plaintiff's argument is based on the U.S. Supreme Court's holding in *Maine v. Thiboutot*, 448 U.S. 1 (1980), that § 1983 actions could be brought for violation of

federal statutory rights. Our review of 23 U.S.C. § 131, however, reveals no creation of individual rights thereunder since the federal act does not impose regulation, but only authorizes federal-state agreements pursuant to which state regulatory statutes may be adopted. We can find no basis for a § 1983 cause of action and hold that plaintiff's motion to amend, therefore, was properly denied.

The order of the trial court is reversed and the cause remanded for disposition consistent with this opinion.

Reversed and remanded.

Judges CLARK and WEBB concur.