LORETTA PINSON SIMON v. CECELIA HOWARD MOCK, INDIVIDUALLY AND CECELIA HOWARD MOCK, ADMINISTRATRIX OF THE ESTATE OF WILLIAM ROGERS ODELL MOCK, DECEASED

No. 8422SC1274

(Filed 2 July 1985)

1. **Frauds, Statute of § 8— parol rental agreement for indefinite term—barred by statute of frauds**

    The trial judge correctly dismissed plaintiff's cause of action seeking to enforce an oral agreement for rent where the agreement was for an indefinite or uncertain term. Such an agreement is barred by the statute of frauds.

---

Simon v. Mock

---

2. **Limitation of Actions §§ 4, 9 — action for rents due — three year statute of limitations — tolled by death of party**

   The trial court erred by concluding that plaintiff's action for the fair rental value of her property was barred by the statute of limitations. A cause of action for rent under G.S. 42-4 accrues continually and is subject to the three year statute of limitation of G.S. 1-52(2); however, because defendant was sued individually and as administratrix of her husband's estate, plaintiff may sue under G.S. 28A-19-3(c) for rents not paid for the three year period prior to her husband's death on 10 April 1983 rather than from the filing of her action on 16 September 1983. G.S. 1-31 does not apply because the agreement between the parties was not a mutual account.

3. **Landlord and Tenant § 19 — action for rents due — court's refusal to find value — abuse of discretion**

   The trial judge's refusal to find a reasonable compensation for the occupation of plaintiff's land in an action for rents due was an abuse of discretion. Even if the house on the property had fallen down or been demolished, the land would still have a rental value.

APPEAL by plaintiff from *Freeman, Judge.* Judgment entered 28 September 1984 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 6 June 1985.

In January 1974 the plaintiff Loretta Simon acquired 4½ acres in Davidson County by gift deed from her grandfather. The land had a house on it, which was occupied by William Mock and his wife, the defendant Cecelia Mock. Plaintiff claims that in March 1974 she discussed the occupancy of the property with William Mock. Through her mother, who was present at the time of the discussion, plaintiff offered evidence that Mr. Mock agreed to pay rent of $100 per month and to make repairs on the house at his own expense. Plaintiff's mother also testified that plaintiff had suggested that the Mocks could either pay $150 per month and not make repairs, or pay $100 per month and make repairs, and that Mr. Mock accepted the latter suggestion.

Plaintiff testified that the Mocks never paid any rent or made any improvements to the property. Mr. Mock died on 10 April 1983 and his wife vacated the premises in early May 1983. Plaintiff testified that the property needs repairs which will cost in excess of $7,000.

Plaintiff commenced an action against defendant Cecelia Mock, individually and as administratrix of her husband's estate, on 16 September 1983. Her complaint requests $10,800 for rental

due, and $3,000 for damages done to the house. In the alternative, plaintiff asks for $16,200 as the fair rental value of the property.

The cause was heard before the trial judge sitting without a jury. He ordered that the complaint be dismissed and that plaintiff have and recover nothing of defendant.

Plaintiff appeals.

*Stoner, Bowers and Gray, by Bob W. Bowers, for plaintiff appellant.*

*Leonard, Tanis and Cleland, by Robert K. Leonard, for defendant appellee.*

ARNOLD, Judge.

On 16 September 1983, plaintiff filed a complaint seeking rent from defendant for occupation of her property from 1 March 1974 until 10 April 1983. Plaintiff set out two alternative theories of recovery: (1) that defendant's husband entered into an agreement on 1 March 1974 to pay $100 per month rent and to maintain the house, and (2) whether or not there was an agreement, that plaintiff is entitled to recover from defendant the fair rental value of the property for the time she and her husband occupied it. Plaintiff requested recovery of $13,800 under the rental agreement and, in the alternative, $16,200 as the fair rental value of the property. The trial judge, sitting without a jury, dismissed plaintiff's complaint and denied recovery under any theory.

[1] We first note that the trial judge was correct in concluding that the statute of frauds prevented plaintiff from seeking to enforce the alleged oral agreement for rent. The record indicates that the alleged agreement was for an indefinite or uncertain term. Such an agreement is barred by the statute of frauds. *See Davis v. Lovick*, 226 N.C. 252, 255, 37 S.E. 2d 680, 681 (1946), *overruled on other grounds, Kent v. Humphries*, 303 N.C. 675, 281 S.E. 2d 43 (1981). The trial judge therefore correctly dismissed plaintiff's first cause of action.

[2] The next question we face is whether, and to what extent, plaintiff's second cause of action is barred by the statute of limitations. The trial judge concluded that plaintiff's action was barred so far as it sought rentals for occupation of the land prior to 16 September 1980.

Simon v. Mock

Plaintiff's second cause of action seeks to recover the "fair rental value" of her property from 1 March 1974 through 10 April 1983, the period dating from the purported agreement with Mr. Mock to pay rent through Mr. Mock's death. Although not denominated as such in the complaint, this cause of action appears to be based on, and we will treat it as based on, G.S. 42-4, which enables a property owner to recover "reasonable compensation" for occupation of her property. Since the action is brought upon a statutory liability, it is subject to the three-year period provided for in G.S. 1-52(2). Although we have found no authority on this point, we believe that a cause of action for rent under this section must accrue continually, for each day the property is occupied. Under G.S. 1-52(2), then, plaintiff can sue for "reasonable compensation" under G.S. 42-4 for the Mocks' use of her property during the period three years prior to the filing of her cause of action.

G.S. 1-52(2), however, is not the only statute affecting the period of limitations in this case. Plaintiff correctly notes that G.S. 28A-19-3(c) affects the period, because defendant was sued not only in her individual capacity, but also as administratrix of her husband's estate.

Under G.S. 28A-19-3(c):

No claim shall be barred by the statute of limitations which was not barred thereby at the time of the decedent's death, if the claim is presented within the period provided by subsection (a) hereof.

Defendant's husband died 10 April 1983. Plaintiff filed suit on 16 September 1983. The plaintiff alleged in her complaint that she complied with Chapter 28A in presenting her claim to defendant. Defendant responded in her answer that "plaintiff has made demand upon defendant administratrix for payment of money and that defendants [sic] have refused to pay." Defendant failed to deny plaintiff's argument as to G.S. 28A-19-3(c) on appeal. We are satisfied that plaintiff presented her claim to defendant administratrix within the statutory period and that she may therefore invoke G.S. 28A-19-3(c).

Plaintiff's claim for reasonable compensation against the defendant as administratrix, which was not barred by G.S. 1-52(2) as of the decedent's death, 10 April 1983, therefore survives.

Plaintiff may sue the defendant administratrix for rents not paid in the period of three years prior to 10 April 1983, i.e., back to 10 April 1980. The trial judge's conclusion that the statute of limitations bars plaintiff's action for all rents due before 16 September 1980 is incorrect as to the defendant administratrix.

Plaintiff's argument as to G.S. 1-31 applies to the accrual of her first cause of action which, as noted above, was barred by the statute of frauds. Even if plaintiff's first cause of action was not barred by the statute of frauds, G.S. 1-31 would not apply to it, because the alleged rental agreement between the parties was not a mutual account. See Brock v. Franck, 194 N.C. 346, 139 S.E. 696 (1927); Electric Service, Inc. v. Sherrod, 293 N.C. 498, 503, 238 S.E. 2d 607, 611 (1977).

[3] The plaintiff's action for fair rental value or "reasonable compensation" appears, then, to have merit so far as it is not barred by the statute of limitations. The trial judge, however, denied any recovery under this theory, finding that "[p]laintiff has failed to prove by the greater weight of the evidence what a reasonable compensation or fair rental value of said property is or would be." The record indicates that the plaintiff testified that in her opinion "the fair rental value of the house and land occupied by Mr. and Mrs. Mock since 1974 has been $150.00 per month and the house had been rented earlier for that amount." The record also indicates that the defendant offered evidence that the house was in poor condition. Defendant argues that, because the house was in poor condition, the trial judge essentially found that the property had no rental value, and that his finding should be upheld because he sat without a jury and acted as finder of fact.

We agree that because the parties waived jury trial, it was the trial judge's "right and duty to consider and weigh all the competent evidence before him, giving to it such probative value as in his sound discretion and opinion it was entitled to be given." Repair Co. v. Morris & Associates, 2 N.C. App. 72, 75, 162 S.E. 2d 611, 613 (1968). Further, "[w]hen a trial by jury is waived, and where different reasonable inferences can be drawn from the evidence, the determination of which reasonable inferences shall be drawn is for the trial judge." Id. (emphasis added).

While the trial judge had the authority to believe all, any or none of plaintiff's testimony, and so to decline to accept her

estimate of reasonable compensation, he did not have the authority to refuse to assign any rental value to the land at all. Even if the house on the property were fallen down or demolished, the land would still have a rental value. We do not believe that the judge reasonably could have inferred from defendant's evidence that the house was in such poor condition that the property had no value whatsoever. We therefore conclude that the trial judge's refusal to find a reasonable compensation for the occupation of plaintiff's land was an abuse of discretion. We remand for a calculation of such compensation for the period 10 April 1980 through 16 September 1983. We note that the result of our analysis above is that the defendant in her individual capacity or as administratrix of the estate is liable for amounts due from 16 September 1980 to 16 September 1983, while only the defendant in her capacity as administratrix is liable for amounts due from 10 April 1980 through 16 September 1980.

Reversed and remanded.

Judges MARTIN and PARKER concur.