NATIONAL ADVERTISING COMPANY AND WHITECO INDUSTRIES, INC., T/A WHITECO METROCOM, PLAINTIFFS v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANT

No. COA95-1350

(Filed 3 December 1996)

1. **Eminent Domain § 34 (NCI4th)— advertising sign— removal by DOT—absence of leasehold interest in land— no statutory right to compensation**

The DOT's removal of plaintiff's outdoor advertising sign from property purchased by the DOT did not entitle plaintiff to compensation under N.C.G.S. § 136-111 because, at the time the sign was removed, plaintiff did not have a leasehold interest in the land on which its sign was located where plaintiff's purported five-year lease of land for the sign was unrecorded and was thus not valid to pass title to plaintiff as against the DOT, a purchaser for value, pursuant to N.C.G.S. § 47-18; even if the DOT succeeded to the previous owners' lessor obligations, the DOT also succeeded to the previous lessors' right under the lease to terminate on ninety days' notice, and notice given by the DOT terminated plaintiff's purported lease; and plaintiff effectively abandoned its sign by failing to remove it within a reasonable time after being given notice by the DOT to do so.

**Am Jur 2d, Eminent Domain §§ 171, 172, 180, 184, 294-297.**

2. **Eminent Domain § 36 (NCI4th)— threat of condemnation—land purchase—no compensation for removable personal property**

Even if the DOT purchased land under the threat of condemnation, the DOT was not required to pay just compensation for

removable of personal property located on the land when the own-er of the personal property has no interest in the purchased land.

**Am Jur 2d, Eminent Domain §§ 171, 172, 180, 184, 294-297.**

3. **Eminent Domain § 92 (NCI4th)— advertising sign— removal by DOT—eminent domain not used—personal property—landowner rights**

   The DOT was not proceeding pursuant to its power of eminent domain but was simply exercising its rights as a property owner when it removed plaintiff's outdoor advertising sign from land it had purchased, and the DOT was thus not obligated to pay just compensation for a "taking" of the sign under the federal and state constitutions, where the evidence, including an admission by defendant that the sign was a "trade fixture," showed that it was plaintiff's intent that the sign would remain its personal property; plaintiff's right to exhibit the sign on DOT land under a lease agreement had expired; and plaintiff effectively abandoned its sign by refusing to remove it within a reasonable time after the DOT gave plaintiff notice to do so.

   **Am Jur 2d, Eminent Domain § 136.**

   **Eminent domain: determination of just compensation for condemnation of billboards or other advertising signs. 73 ALR3d 1122.**

4. **Highways, Streets, and Roads § 32 (NCI4th)— advertising sign—removal by DOT—compensation not required by OACA**

   The Outdoor Advertising Control Act (OACA), N.C.G.S. § 136-126 *et seq.*, does not require the payment of just compensation for signs removed by the DOT. Even if the OACA does require such payment, this requirement only applies when the DOT removes the sign pursuant to the exercise of its regulatory power under the OACA and does not apply when the DOT removes an abandoned advertising sign from property which it owns and in which the advertising company had no property interest.

   **Am Jur 2d, Advertising §§ 1, 2, 24-26; Eminent Domain §§ 294-297.**

5. **Highways, Streets, and Roads § 31 (NCI4th)— advertising sign—removal by DOT—compensation not required by HBA**

The federal Highway Beautification Act (HBA) does not require the DOT to pay just compensation for its removal of an advertising sign from property which it purchases since the HBA does not create individual rights and does not impose regulations but simply authorizes federal-state agreements pursuant to which state regulatory statutes may be adopted.

**Am Jur 2d, Eminent Domain §§ 317, 320, 343.**

6. **Highways, Streets, and Roads § 31 (NCI4th)— sign removal—compensation not required by federal statute**

Just compensation for removed outdoor advertising signs is not required by 42 U.S.C. § 4652 when a state's case law precludes compensation on the ground that the signs are removable personal property.

**Am Jur 2d, Eminent Domain §§ 317, 320, 343.**

Appeal by defendant from order entered 24 October 1995 by Judge Cy A. Grant, Sr. in Northampton County Superior Court. Heard in the Court of Appeals 11 September 1996.

*Wilson & Waller, P.A., by Betty S. Waller, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General W. Richard Moore· and Assistant Attorney General Elizabeth N. Strickland, for defendant-appellant.*

LEWIS, Judge.

Defendant appeals the trial court's grant of summary judgment for plaintiffs.

The following undisputed facts were presented at the summary judgment hearing:

Prior to August 1994, plaintiffs (hereinafter collectively "Whiteco") owned an outdoor advertising sign which was located adjacent to Interstate 95 on land owned by the J.W. Crew estate ("Crew estate"). In 1972, the Department of Transportation ("DOT") issued an advertising permit for the sign. In July, August and September, 1993, in anticipation of its pending purchase of the Crew

estate land on which the sign was located, the DOT wrote Whiteco and offered to pay for the sign's removal. Whiteco rejected the DOT's relocation offer and refused to move the sign.

By deed recorded 24 February 1994, the DOT purchased part of the Crew estate land, including the land on which the sign was located, in order to construct a Welcome Center. In March, June, and July 1994, the DOT again wrote Whiteco and warned that it would remove the sign if Whiteco did not do so. In August 1994, Whiteco's sign was moved during construction of the Welcome Center.

On 27 October 1994, Whiteco filed a complaint for inverse condemnation against the DOT. Both parties filed motions for summary judgment on the issue of the DOT's liability to pay just compensation. On 24 October 1995, Judge Cy A. Grant, Sr. granted Whiteco's motion for partial summary judgment. The DOT appeals.

We first note that the trial court's order, although interlocutory, is immediately appealable under N.C. Gen. Stat. section 1-277(a) because it affects a substantial right of appellant DOT. *See City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 107, 338 S.E.2d 794, 797 (1986).

The DOT contends that the trial court erred by ruling that it must pay Whiteco just compensation for its purported leasehold interest and its sign. We agree.

[1] We first address plaintiff's contention that it is entitled to just compensation under N.C. Gen. Stat. section 136-111. This statute provides a remedy for persons whose "land or compensable interest therein" has been taken by the DOT when the DOT has not filed a complaint or declaration of taking. G.S. § 136-111 (1993). We find that plaintiff is not entitled to recover under this statute because it has failed to show that it had an interest in land that was taken.

Whiteco asserts that it had a leasehold interest in the land on which its sign was located at the time the sign was removed. We disagree. There are no recorded leases between the landowners and Whiteco regarding Whiteco's placement of its sign on the Crew estate land. There is an unrecorded document purporting to be a lease, designated as a "Sign Location Lease." This document states, on its face, that it is for a period of five years. It was signed by the Honorable W. Lunsford Crew, the executor of the Crew estate, on 8 March 1991, but not by Whiteco, and was never recorded.

After Mr. Crew signed the "Sign Location Lease," Whiteco and Mr. Crew then agreed to incorporate by reference the terms of a 11 March 1991 letter from Mr. Crew to Whiteco into the "Sign Location Lease." In this letter, Mr. Crew stated that the property was under an option to purchase and that, if the purchase went forward, the owners of the Crew estate land would not execute the "Sign Location Lease." In the letter he also stated that, if the property was not sold, he and the other landowners would continue the lease at $300 per year for a period of five years. However, he further stated that they would only agree for the lease to be "on a month-to-month basis" but that they "would try to give at least ninety days' notice" of termination if the property was sold. On the record before us, it appears that the property was not sold pursuant to the option mentioned in this letter and that on the first day of January of 1992, 1993, and 1994, Whiteco paid, and the owners of the Crew estate land accepted, a payment of $300 rent.

Whiteco asserts that, according to these terms, it had a five year lease enforceable against the DOT. Pursuant to N.C. Gen. Stat. section 47-18, a lease of land for more than three years is not valid to pass title as against a purchaser for valuable consideration unless it is recorded. *Bourne v. Lay & Co.*, 264 N.C. 33, 35, 140 S.E.2d 769, 770-71 (1965). Since the 1991 "Sign Location Lease" purports to be for five years and was never recorded, it is not valid to pass title to Whiteco as against the DOT, a purchaser for value. Thus, at the time Whiteco's sign was removed, Whiteco did not have an enforceable five-year leasehold interest in the property.

In fact, the record evidence shows that, regardless of the actual term of the lease between Whiteco and the owners of the Crew estate land, it was terminable by agreement, at most, on ninety days notice. Assuming for the sake of argument that the DOT succeeded to the previous owners' lessor obligations, then the DOT also succeeded to the previous lessors' right to terminate on ninety days notice.

The undisputed facts of record show that, prior to and after purchasing the property, the DOT satisfied this ninety days notice requirement. On 1 January 1994, Whiteco paid, and the owners of the Crew estate land later deposited, its $300 rent. The DOT's deed of purchase was recorded on 24 February 1994. On 29 March 1994, more than 90 days prior to the actual removal of the sign in August 1994, the DOT notified Whiteco that it must remove its sign. We conclude that the notice given by the DOT effectively terminated any purported

lease that Whiteco may have had with the DOT by virtue of the DOT's purchase of the property.

Thus, at the time the sign was removed, Whiteco did not have a leasehold interest in the land on which its sign was located and was not entitled to exhibit its sign there. Whiteco was given a reasonable time to remove the sign. By not doing so, it effectively abandoned its sign. *See* 51C C.J.S. *Landlord and Tenant* § 317(b) (1968). We conclude that the DOT's alleged subsequent removal of the sign in August 1994 did not entitle Whiteco to just compensation under G.S. section 136-111.

Whiteco further asserts that the DOT is obligated to pay just compensation for removal of its sign as a "taking" under our federal and state constitutions.

Whiteco asserts that the DOT was required to purchase its sign when it exercised its powers of eminent domain by purchasing the land on which the sign was located. To support its assertion, Whiteco relies on *United States v. General Motors Corp.*, 323 U.S. 373, 89 L. Ed 311 (1945), and *Advertising Co. v. City of Charlotte*, 50 N.C. App. 150, 272 S.E.2d 920 (1980).

[2] In both of these cases, the complainant had an interest or alleged interest in the land being condemned and its personal property was damaged as a result of the removal necessitated by the condemnation. *See General Motors Corp.*, 323 U.S. at 375, 383-84, 89 L. Ed. at 317, 321; *Advertising Co.*, 50 N.C. App. at 153-54, 272 S.E.2d at 922. Here, in contrast, the evidence establishes that when its sign was removed, Whiteco did not have an interest in the land on which its sign was located. Even if the DOT did purchase the Crew estate land under threat of condemnation, neither *General Motors Corp.* nor *Advertising Co.* require a government entity which purchases land in this manner to pay just compensation for removable personal property located on the land when the owner of the personal property has no interest in the real property purchased.

[3] Whiteco also asserts that it *did* have an interest in land because its sign was realty, not personal property. We disagree. The undisputed record evidence establishes, as a matter of law, that Whiteco's sign was removable personal property and not part of the realty. Here, the DOT purchased land which was the subject of a purported lease between Whiteco and the owners of the Crew estate land. When the rights of a third party purchaser are concerned, the issue of

whether property attached to land is removable personal property or part of the realty is determined by examining external indicia of the lessee's "reasonably apparent" intent when it annexed its property to the land. *Little v. National Service Industries, Inc.*, 79 N.C. App. 688, 693, 340 S.E.2d 510, 513 (1986).

Here, Whiteco's intent that its sign remain its personal property became reasonably apparent to the DOT when it purchased the Crew estate land, as indicated by external evidence of this intent. During the negotiations between the owners of the Crew estate land and the DOT, the landowners signed a disclaimer of any ownership interest in Whiteco's sign. At this time, Whiteco had listed the sign as its personal property for tax purposes. The DOT permit for the sign was not issued to the landowner but to White Advertising Int., the entity which applied for the permit in 1972. Whiteco's logo was displayed on the sign pursuant to N.C. Gen. Stat §. 105-86(e) which requires that the owner's logo be displayed on the sign. In addition, we note that Whiteco has admitted, in its response to the DOT's First Request for Admissions, that the sign was a "trade fixture" which by law is removable personal property. *See Taha v. Thompson*, 120 N.C. App. 697, 703, 463 S.E.2d 553, 557 (1995), *disc. review denied*, 344 N.C. 443, 476 S.E.2d 130, 131 (1996).

Once the DOT purchased the land where Whiteco's sign was located, it had the right as a property owner to exclude others from use of the property. As the owner of the sign, once its right to exhibit the sign on DOT land under a lease agreement had expired, Whiteco was required to move it within a reasonable time. Whiteco had ample opportunity to do so but refused. By refusing to remove its sign within a reasonable time after termination of the tenancy, Whiteco effectively abandoned the sign. *See* 51C C.J.S. *Landlord and Tenant* § 317(b). By removing the abandoned sign, the DOT was simply exercising its rights as a property owner and was not proceeding pursuant to its power of eminent domain. Given these facts, we hold that Whiteco is not entitled to just compensation for its sign.

Whiteco also contends that 23 U.S.C. § 131 *et. seq.* and N.C. Gen. Stat. section 136-126 *et. seq.* require the DOT to pay just compensation for its sign. We disagree.

[4] In 1967, North Carolina adopted the Outdoor Advertising Control Act ("OACA"), codified at N.C. Gen. Stat. section 136-126 *et. seq.*, in response to the federal Highway Beautification Act, 23 U.S.C. § 131 *et. seq.* ("HBA") which imposes a reduction in federal funding for

highway projects on any state which fails to provide for effective control of outdoor advertising. *See* 23 U.S.C. § 131(b) (1990). The OACA *authorizes* the DOT to acquire by purchase, gift, or condemnation all outdoor advertising and all property rights pertaining to the advertising which are prohibited under certain provisions of the OACA. N.C. Gen. Stat. § 136-131 (1993). However, the OACA does not expressly *require* the DOT to exercise this power.

In fact, no provision of the OACA *expressly* requires the payment of just compensation for signs removed by the DOT. Granted, this Court has previously stated that the OACA requires compensation to sign owners whose signs are removed pursuant to the OACA. *See Givens v. Town of Nags Head*, 58 N.C. App. 697, 700-701, 294 S.E.2d 388, 390, *appeal dismissed and cert. denied*, 307 N.C. 127, 297 S.E.2d 400 (1982). However, since this language in *Givens* was not necessary to this Court's decision, it is *obiter dictum* and not binding. *See Trustees of Rowan Tech. v. Hammond Assoc.*, Inc., 313 N.C. 230, 242, 328 S.E.2d 274, 281 (1985).

If the General Assembly had intended to require payment of compensation whenever the DOT removes a sign under the OACA, it could have used the term "required" rather than "authorized" in G.S. section 136-131. It did so in another provision, G.S. section 136-131.1., inapplicable here, where it specified that a local unit of government which removes outdoor advertising adjacent to certain highways, when the DOT has issued a permit for the advertising, must pay just compensation. *See* N.C. Gen. Stat. § 136-131.1 (1993).

Be that as it may, assuming for sake of argument that the DOT is required under the OACA, as stated in *Givens*, to pay just compensation for signs it removes, this requirement only applies when the DOT removes the sign *pursuant to exercise of its regulatory power under the OACA*. This is not what occurred here. In removing Whiteco's sign, the DOT acted as a property owner, *i.e.*, it removed an abandoned sign from property which it owned and in which Whiteco had no property interest. Given these facts, we conclude that the OACA does not require the DOT to pay compensation for Whiteco's sign.

[5] We also disagree with Whiteco's assertion that the federal HBA requires the DOT to pay compensation for removal of its sign. As we stated in *Givens*, the HBA does not create individual rights and does not impose regulation, but simply authorizes federal-state agreements pursuant to which state regulatory statutes, *e.g.*, the OACA,

may be adopted. *Givens*, 58 N.C. App. at 703, 294 S.E.2d at 392. If the OACA needs to be amended to comply with federal specifications regarding payment of compensation and therefore to assure continued availability of federal funding for state highway projects, this is a matter for the General Assembly, not for this Court. *See id.* at 701, 294 S.E.2d at 391. The DOT is not legally required to comply with the HBA, only with the OACA.

[6] We further reject Whiteco's assertion that 42 U.S.C. § 4652 requires that the DOT pay just compensation for its sign. Our appellate courts have not addressed this issue. However, other state courts have held that this federal statute does not create a right to just compensation for signs where a state's case law precludes compensation on the grounds that the signs are removable personal property. *E.g.*, *Matter of Condemnation by Minneapolis Community Dev. Agency*, 417 N.W.2d 127, 131 (Minn. Ct. App. 1987), *review denied* (February 24, 1988) (citing *Creative Displays v. South Carolina Highway*, 248 S.E.2d 916 (S.C. 1978)). We agree with this approach. As discussed above, under North Carolina law, Whiteco's sign is removable personal property. We hold that 42 U.S.C. § 4652 does not entitle Whiteco to compensation for its sign.

The trial court erred by granting summary judgment to Whiteco. We reverse and remand for entry of summary judgment in favor of the DOT.

Reversed and remanded.

Judges JOHNSON and WYNN concur.

Judge JOHNSON participated in this opinion prior to his retirement on 1 December 1996.