FAIRWAY OUTDOOR ADVERTISING, A DIVISION OF MORRIS COMMUNICATIONS CORPORATION, PLAINTIFF V. JERRY T. EDWARDS AND WIFE, MARTHA E. EDWARDS, DEFENDANTS

No. COA08-1172

(Filed 7 July 2009)

**1. Landlord and Tenant— holdover tenant—billboard on leased property—reasonable compensation—unjust enrichment—fair rental value—gross profits**

Defendant lessor's counterclaim for unjust enrichment in a case arising from a dispute over a billboard on leased property was without merit and overruled because: (1) although defendants labeled their counterclaim as unjust enrichment, the substance of the counterclaim was an action to recover reasonable compensation from a holdover tenant; (2) plaintiff presented no evidence of the reasonable rental value of the property, defendants presented only evidence of plaintiff's gross income from the use of the property, and evidence of a lessee's gross income from the use of a leased property, standing alone, is not evidence of reasonable rental value since it does not take into account the lessee's other expenses in generating that income; (3) nothing else appearing, the negotiated rental rate was presumed to be fair compensation for use of the pertinent property; and (4) defend-

ants accepted $1,500 in rental payment on 15 March 2007 which was exactly the same as the negotiated rental rate, and this transaction further strengthened the presumption that the negotiated rental rate was equal to the reasonable rental value of the property. N.C.G.S. § 42-4.

**2. Landlord and Tenant— billboard on leased property— abandonment—reasonable time—pursuit of nonfrivolous litigation**

Plaintiff lessee did not abandon its billboard to the lessor by failing to remove it while the lessee prosecuted nonfrivolous litigation regarding the parties' rights under the lease after expiration of the lease because: (1) plaintiff attempted to remove the sign two weeks after the declaratory judgment action was ultimately decided in defendants' favor, but defendants blocked plaintiff's access to do so; (2) plaintiff filed the current action two weeks after defendants blocked plaintiff from removing the sign; and (3) plaintiff has not yet exhausted the reasonable time allowed for removal of the sign and thus has not abandoned it to defendants, especially in a situation where the lessor specifically forbade the lessee from entering its property after expiration of the lease.

**3. Landlord and Tenant— billboard on leased property—removal of billboard**

Defendant landowner may not demand that the lessee choose between removing the entire billboard, including the foundation, or leaving the entire billboard, including the sign, when the lease did not address the lessee's duty to remove the foundation or any other part of the billboard but granted the lessee the right to remove all structures, equipment, and materials placed upon the leased premises.

Appeal by defendants from order entered on or about 21 May 2008 by Judge W. Erwin Spainhour in Cabarrus County Superior Court. Heard in the Court of Appeals 26 February 2009.

*Isaacson Isaacson Sheridan & Fountain, LLP by Jennifer N. Fountain, for plaintiff-appellee.*

*Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A. by James R. DeMay, for defendants-appellants.*

STROUD, Judge.

This case arises from a dispute over a billboard on leased property. Plaintiff erected the billboard as lessee of the land. Defendants are the landowner/lessor. The billboard has an aboveground sign with an underground foundation. The lease was not renewed when it expired.

Defendants present three issues to this Court: (1) whether the lessor is entitled to an amount greater than the rent as set by the original lease from a holdover lessee when the only evidence presented as to fair rental value is the gross profits of the lessee; (2) whether the lessee abandoned its billboard to the lessor by failing to remove it while the lessee prosecuted non-frivolous litigation regarding the parties' rights under the lease after expiration of the lease; and (3) whether the landowner may demand that the lessee choose between removing the entire billboard, including the foundation, or leaving the entire billboard, including the sign, when the lease does not address the lessee's *duty* to remove the foundation or any other part of the billboard but grants the lessee the *right* to remove "all structures, equipment and materials placed upon the [leased] premises." We affirm.

## I. Background

On 21 November 2001, plaintiff executed a five-year lease in the amount of one thousand five hundred dollars ($1,500.00) per year with Robert and Elliot Lawing to maintain a billboard on land at Highway 29 and Calloway in Concord, Cabarrus County. The lease stated that "[a]s between the Lessor and Lessee all structures, equipment and materials placed upon the premises shall remain the property of Lessee and *Lessee is granted the right to remove same from Lessor's premises within a reasonable period of time after the expiration of this Lease or any renewal thereof*." (Emphasis added.) The lease further stated "[y]ears 6-10 [are] to be renegotiated by Nov. 31 [sic] 2006[.]" The lease was filed with the Cabarrus County Register of Deeds on 21 December 2001.

On 14 May 2003, defendants acquired the property occupied by the billboard. After negotiation, the parties were unable to agree on a price to continue the lease for years six through ten. On 20 October 2006, defendants notified plaintiff:

The lessor will not extend the term [of the lease] on a temporary basis. . . .

After November 31 [sic] you will no longer have permission to enter the premises. If you remove [the billboard] you must notify us in advance and must remove not only the above ground fixtures but also the below ground concrete. You must also restore the parking lot pavement to its original condition after removal of the concrete.

On 1 December 2006, plaintiff filed a complaint for declaratory judgment in Superior Court, Cabarrus County ("06-CVS-3564"). The complaint requested a declaration that the lease gave plaintiff the right to maintain the billboard on defendants' property until 30 November 2011 and requested the trial court to determine the amount of rent to be paid for that time. Plaintiffs also requested an order enjoining defendants from removing or restricting plaintiff's access to the sign.

On 28 December 2006, the trial court entered a preliminary injunction in favor of plaintiff. The injunction concluded "[p]laintiff [was] likely to succeed on the merits of [the] action in enforcing the Lease for an additional five years running through November 30, 2011" and accordingly enjoined defendants "from restricting Plaintiff's access or interfering in any way with Plaintiff's leasehold interest in Defendants' property." Additionally, the parties were ordered "to operate under the same terms and conditions of the Lease as existed prior to November 30, 2006[,]" with the added requirement that plaintiff give defendants "one day advance notice prior to . . . changing the advertising" on the sign.

However, after a full hearing on the merits in 06-CVS-3564, the trial court granted summary judgment in favor of defendants on 27 September 2007. The summary judgment order declared "that the lease is unenforceable as to years six through ten[.]" The order of 27 September 2007 is not at issue in this appeal.

On 12 October 2007, plaintiff's employees attempted to enter defendants' property in order to remove the billboard. Defendants denied them access. On or about 26 October 2007 plaintiff filed a verified complaint in Superior Court, Cabarrus County. The complaint alleged conversion and breach of lease. Plaintiff sought to enjoin defendants from denying access to the billboard. The trial court entered a temporary restraining order on or about 28 November 2007.

Defendants answered on or about 7 January 2008. The answer asserted that the lease did not allow plaintiff to remove only part of

FAIRWAY OUTDOOR ADVER. v. EDWARDS

[197 N.C. App. 650 (2009)]

the sign without also removing the foundation and sought declaratory judgment on that issue. The answer further asserted that plaintiff had abandoned the sign to defendants by failing to remove it within a reasonable time. Defendants also counterclaimed for unjust enrichment.

The trial court entered a preliminary injunction in favor of plaintiff on or about 27 January 2008. On or about 12 February 2008, plaintiff moved for summary judgment. On 25 April 2008, defendants moved for partial summary judgment "that plaintiff be required to remove all of the sign, above ground and below ground, or none of the sign."

On or about 20 May 2008, the trial court granted plaintiff's motion for summary judgment and denied defendants' motion for partial summary judgment, ruling that

> Plaintiff has the right to come upon the Defendants' real property and remove the above ground components of its sign from Defendants' property, by cutting the pole at grade level, removing approximately six inches of the pole below grade level and filling the hole with concrete and leave the below ground components on Defendants' property.

Defendants appeal.

## II. Standard of Review

Summary judgment is proper when

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law. A trial court's grant of summary judgment receives *de novo* review on appeal, and evidence is viewed in the light most favorable to the non-moving party.

*Sturgill v. Ashe Mem'l Hosp., Inc.*, 186 N.C. App. 624, 626, 652 S.E.2d 302, 304 (2007) (citations and quotation marks omitted), *disc. review denied*, 362 N.C. 180, 658 S.E.2d 662 (2008).

## III. Payment after Expiration of the Lease

[1] We first address defendants' counterclaim for unjust enrichment. Defendants contend that

from November 2006 through February 2008, during which time no lease agreement was in place, Fairway earned $14,489.45 in gross revenue from the billboard. The sole consideration paid to Edwards during this period was $1,500.00.

If Edwards had desired to continue leasing his property to Fairway for $1,500.00 per year, he would have renewed the original lease. Instead, he was forced to enter into a *de facto* lease agreement pursuant to the preliminary injunction entered in the *06-CVS-3564* action on December 28, 2006. . . .

Fairway was essentially able to . . . use litigation as a tool to extend the duration of a favorable lease agreement. This should not be rewarded.

(Citations to the record omitted.)

Even though defendants do not point to, and the record does not show, any factual disputes relevant to this issue, defendants contend that summary judgment on this issue should be reversed and "the matter remanded for trial." However, when the record shows no disputes as to any material facts and the only question is the legal effect of those undisputed facts, an issue is ripe for summary judgment. *Knight Publ'g. Co. v. Charlotte-Mecklenburg Hosp. Auth.*, 172 N.C. App. 486, 488, 616 S.E.2d 602, 604, *disc. review denied*, 360 N.C. 176, 626 S.E.2d 299 (2005).

Although defendants labeled their counterclaim as unjust enrichment, the substance of the counterclaim is an action to recover reasonable compensation from a holdover tenant and we will treat it as such. *In re Quevedo*, 106 N.C. App. 574, 578, 419 S.E.2d 158, 159, *appeal dismissed*, 332 N.C. 483, 424 S.E.2d 397 (1992) ("[A] motion is treated according to its substance and not its label."); *see also Simon v. Mock*, 75 N.C. App. 564, 567, 331 S.E.2d 300, 302 (1985) ("Although not denominated as such in the complaint, this cause of action appears to be based on, and we will treat it as based on, [N.C. Gen. Stat. §] 42-4, which enables a property owner to recover 'reasonable compensation' for occupation of her property.").

North Carolina law specifically addresses holdover tenants:

Nothing else appearing, when a tenant for a fixed term of one year or more holds over after the expiration of such term, the lessor has an election. He may treat him as a trespasser and bring an action to evict him and to *recover reasonable compensation*

or the use of the property, or he may recognize him as still a tenant, having the same rights and duties as under the original lease, except that the tenancy is one from year to year and is terminable by either party upon giving to the other 30 days' notice directed to the end of any year of such new tenancy.

*Coulter v. Capitol Finance Co.*, 266 N.C. 214, 217, 146 S.E.2d 97, 100 (1966) (emphasis added). The amount of a reasonable rental is generally a question of fact. *Simon*, 75 N.C. App. at 568-69, 331 S.E.2d at 303. However,

> [i]n the absence of evidence that the rental value of the leased property has increased or diminished since negotiation of the rent at the time of agreement to lease, that negotiated rental rate will determine the rate at which the holdover must pay for his continued use and occupation. Either party may, however, introduce evidence that independently establishes that the reasonable value is greater or lower than the previous rental rate, and recovery will be extended or limited to that measure.

Restatement (Second) of Property: Landlord & Tenant § 14.5, cmt. a (1977).

In the case *sub judice*, plaintiff presented no evidence of the reasonable rental value of the property. Defendants presented only evidence of plaintiff's gross income from the use of the property. We hold that evidence of a lessee's gross income from the use of a leased property, standing alone, is not evidence of reasonable rental value because it does not take into account the lessee's other expenses in generating that income. *See Lumsden v. Lawing*, 107 N.C. App. 493, 504, 421 S.E.2d 594, 601 (1992). ("A mortgage payment is not necessarily a reliable indicator of rental value since such payments are dependent upon the amount of the down payment, the interest rate, and the length of the mortgage."). Nothing else appearing, therefore, the negotiated rental rate is presumed to be fair compensation for use of the property *sub judice*.

Defendants accepted one-thousand five hundred dollars ($1,500.00) in rental payment on 15 March 2007, exactly the same as the negotiated rental rate. This transaction further strengthens the presumption that the negotiated rental rate was equal to the reasonable rental value of the property. Accordingly, defendants's counterclaim is without merit and we overrule this assignment of error.

**FAIRWAY OUTDOOR ADVER. v. EDWARDS**

[197 N.C. App. 650 (2009)]

## IV. Abandonment

[2] Defendants further argue that the sign belongs to them because plaintiff abandoned the sign by not removing it "within a reasonable time" after expiration of the lease. Therefore, they argue, plaintiff no longer have a right to remove the sign under the lease agreement. Specifically, defendants argue

> Fairway waited <u>ten months</u> after the expiration of the lease agreement to attempt to remove the billboard. Even if the *06-CVS-3564* action is to be taken into account, Fairway still waited almost an entire month after the final disposition of that action in favor of Edwards. Moreover, it is now nearly two years from the expiration of the lease on November 30, 2006 and Fairway has yet to attempt to remove the <u>entire sign</u>, which, as discussed [elsewhere] in this brief, Fairway is obligated to do if it wants to remove anything at all.

(Emphasis in original.) Defendants rely on *Harris v. Lamar Co.*, an unpublished case[1] where this Court held that an eleven-month delay in removing a billboard created a jury question as to whether or not a reasonable time had elapsed when the record contained evidence that there was confusion regarding the identity of the true ·owner of the property, negotiations for a new lease, agreement were still on-going two months after expiration of the lease and Hurricane Floyd hampered the lessee's ability to remove the billboard. 150 N.C. App. 437, 563 S.E.2d 642 (2002) (unpublished).

The lease agreement in the case *sub judice* granted plaintiff the right "to remove [all structures, equipment and materials] from Lessor's premises within a reasonable period of time after the expiration of this Lease . . . ." Under North Carolina law, when a billboard is not removed within a reasonable time after expiration of a lease, the billboard is deemed abandoned and the lessee no longer has a right to it. *National Advertising Co. v. N.C. Dept. of Transportation*, 124 N.C. App. 620, 625, 478 S.E.2d 248, 250 (1996).

---

1. We note that

[a]n unpublished decision of the North Carolina Court of Appeals does not constitute controlling legal authority. Accordingly, citation of unpublished opinions in briefs, memoranda, and oral arguments in the trial and appellate divisions is disfavored, except for the purpose of establishing claim preclusion, issue preclusion, or the law of the case.

N.C.R. App. P. 30(e)(3).

The North Carolina Supreme Court has held

what is [a] "reasonable time" is generally a mixed question of law and fact, not only where the evidence is conflicting, but even in some cases where the facts are not disputed; and the matter should be decided by the jury upon proper instructions on the particular circumstances of each case. . . .

The time, however, may be so short or so long that the court will declare it to be reasonable or unreasonable as [a] matter of law. . . .

If, from the admitted facts, the court can draw the conclusion as to whether the time is reasonable or unreasonable by applying to them a legal principle or a rule of law, then the question is one of law. But if different inferences may be drawn, or the circumstances are numerous and complicated and such that a definite legal rule can not be applied to them, then the matter should be submitted to the jury. It is only when the facts are undisputed and different inferences can not be reasonably drawn from them that the question ever becomes one of law.

*Claus v. Lee*, 140 N.C. 552, 554-55, 53 S.E. 433, 434-35 (1906) (citations omitted).

The holding of *Claus* was implicitly applied to the removal of a billboard in *National Advertising*, 124 N.C. App. at 624, 478 S.E.2d at 250. In *National Advertising*, the undisputed facts showed the billboard owner was allowed four full months to remove his billboard but did not remove it. *Id.* at 625, 478 S.E.2d at 250. This Court found that amount of time to be reasonable and held that the billboard owner had abandoned the sign as a matter of law. *Id.* at 625, 478 S.E.2d at 250.

In the case *sub judice* the facts are undisputed, and unlike *Harris* there is no confusion about ownership which could permit various inferences to be drawn from the facts. The question of reasonable time in this case may be answered by applying the legal principle that diligent prosecution of related non-frivolous litigation should be taken into account in determining whether a party's time for action has passed. *See Republic Industries v. Teamsters Joint Council*, 718 F.2d 628, 644 (4th Cir. 1983) ("[T]ime frames may be tolled where equitable considerations justify their suspension. We think it equitable that when [plaintiff] has made a not frivolous challenge to the constitutionality of [a statute], . . . the pendency of the litigation

should toll the running of the [statutory] period . . . ." (Citation omitted.)); *accord Duke University v. Stainback*, 320 N.C. 337, 341, 357 S.E.2d 690, 692-93 (1987) (tolling the statute of limitations for equitable reasons); *Quinn v. Olsen*, 298 F. 704, 707-08 (8th Cir. 1924) (time during which party prosecuted and appealed a collateral lawsuit which he ultimately won was not held against him in determining reasonable time to act).

In the case *sub judice*, plaintiff brought a declaratory judgment action the day after the lease expired. The action was not frivolous; the trial court issued a preliminary injunction in plaintiff's favor because it concluded "plaintiff [was] likely to succeed on the merits of [the] action in enforcing the Lease for an additional five years running through November 30, 2011."

Plaintiff attempted to remove the sign two weeks after the declaratory judgment action was ultimately decided in defendants' favor, but defendants blocked plaintiff's access to do so. Two weeks after defendants blocked plaintiff from removing the sign, plaintiff filed the current action. This action was not frivolous; plaintiff prevailed on summary judgment at the trial court.

We hold as a matter of law that on these undisputed facts plaintiff has not yet exhausted the reasonable time allowed for removal of the sign and therefore has not abandoned it to defendants. This is especially true where, as here, the lessor specifically forbade the lessee from entering its property after expiration of the lease. Defendants' argument is without merit.

### V. Removal of the Entire Billboard

[3] Defendants also argue that

> [i]t is fundamentally unfair for Fairway to stick Edwards with the cost for removal of the "bad" [underground concrete foundation of the billboard] while Fairway gets to walk away with the "good" [aboveground sign].

> While issues of fairness do not necessarily decide legal disputes, nothing in the lease agreement allows Fairway to remove only some, but not all, of the billboard sign. Further, such action is directly contrary to well-settled common law concerning the removal of trade fixtures. . . . [Defendants are] agreeable to Fairway leaving the entire sign; however, [they] do not wish to be left with only Fairway's "scraps".

The parties cite no cases directly addressing this issue; it appears to be a case of first impression in North Carolina.

The greater weight of authority in other jurisdictions does not favor defendants. According to Corpus Juris Secundum:

> The lessee is not required to remove improvements made by him or her with the consent of the landlord or under authority of the lease, unless the lease so provides . . . . Where the tenant is given the right to make improvements and remove them during the term, the right to remove includes the right to cause such damage to the freehold as such removal will naturally cause, and the tenant is liable only for such damages as are unnecessarily or wantonly caused by him.

52A C.J.S. Landlord and Tenant § 884 (2003) (internal footnotes omitted). "Generally, a tenant who has made alterations in the premises does not have to restore the property to its original condition where the lease does not specifically require such action." Id. at § 887. Furthermore, "[a]s a general rule, in the absence of an express provision in the lease . . . . where the lessee elects to remove one particular alteration this does not obligate him or her to remove all alterations and return the premises to their pre-lease condition." Id. Thus, the general rule is that in absence of a specific lease provision directing otherwise, a tenant has the right, but not the obligation, to restore the leased property to its original condition. The lease in the instant case does not contain any provision which creates an obligation for plaintiff to remove its sign or foundation, but only granted the right for plaintiff to remove its "structures, equipment and materials" within a reasonable time.

The only case discovered by this Court's research which directly addressed this particular fact pattern held in favor of the billboard owner against the landowner. U.P.C., Inc. v. R.O.A. General, Inc., 990 P.2d 945 (Utah App. 1999). In U.P.C. the landowner had purchased land which was subject to a billboard lease. Id. at 949. The lease document itself did "not require removal of the sign foundation . . . . [n]or [did] the . . . lease document require that the [lessee] restore the property to its former condition upon vacating the property." Id. at 954. When the lease expired, the landowner and the billboard owner were not able to reach agreement as to renewal of the lease and the landowner demanded that the billboard owner remove the sign. Id. at 949. The billboard owner removed the aboveground portion of the sign, but refused to remove the foundation. Id. The landowner sued. Id.

*U.P.C.* held in favor of the billboard owner:

[T]he lease did not contain a duty on [the billboard owner's] part to remove the foundation or restore the property to its original condition[.]

The language of the lease neither explicitly nor implicitly addresses the parties' obligation or expectations regarding [the billboard owner's] duty to remove the sign's foundation. Nor does the lease require that [the billboard owner] restore the premises to its pre-leased condition. While [the landowner] urges the court to imply such a requirement, "a court may not make a better contract for the parties than they have made for themselves; furthermore, a court may not enforce asserted rights not supported by the contract itself." *Ted R. Brown & Assocs., Inc. v. Carnes Corp.*, 753 P.2d 964, 970 (Utah Ct. App. 1988). Additionally,— '[t]he lessee is not required to remove improvements made by him with the consent of the landlord, or under authority of the lease in the absence of express requirement thereof.' " *Arkansas Fuel Oil Co. v. Connellee*, 39 S.W.2d 99, 101 (Tex. Ct. App. 1931) (citation omitted).

. . . .

"By the terms of this lease [the lessee] had the right to erect the improvements in question. It was under no duty to remove them, although it was granted the right and option to do so if it saw fit. [The landowner] could not require removal." [*Duvanel v. Sinclair Refining Co.*, 170 Kan. 483, 489, 227 P.2d 88, 92 (1951)]. We decline to impose such a duty upon [the billboard owner] when the lease does not.

. . . .

[W]e hold that [the billboard owner] did not have a duty to remove the sign's foundation[.]

990 P.2d at 954-55 (internal footnote omitted). We are persuaded by the majority rule and the holding in *U.P.C.* which is consistent with our common law that "[n]o meaning, terms, or conditions can be implied [in a contract] which are inconsistent with the expressed provisions." *Gilmore v. Garner*, 157 N.C. App. 664, 667, 580 S.E.2d 15, 18 (2003) (citation and quotation marks omitted).

Accordingly, we hold that when, as here, a lease agreement grants the lessee the right to remove "all structures, equipment and ma-

terials," but does not require the lessee to remove all of them or to restore the property to the same condition as at the beginning of the lease, the lessor may not require the lessee to choose between removing all or removing none. This assignment of error is overruled.

## VI. Conclusion

Defendants are not entitled to more than the negotiated rent from plaintiff's use of the billboard on defendants' land beyond the expiration date of the lease. Plaintiff did not abandon its billboard. Defendants may not require plaintiff to remove all or none of the billboard when the lease did not require it. Accordingly, the order of the trial court granting summary judgment in favor of plaintiff is affirmed.

Affirmed.

Judges JACKSON and STEPHENS concur.